(May 20, 1901.)

## HORN v. BOISE CITY CANAL COMPANY.

[65 Pac. 145.]

MEASURE OF DAMAGES—PERSONAL INJURIES—DISCRETION OF JURY.—
In case of personal injury resulting from carelessness, mental and
physical suffering are elements of damage, the amount of which
must be left to the good sense and sound judgment of the jury,
whose verdict should not be disturbed except in case of a clear
abuse of discretion.

NEGLIGENCE—PROPERTY ABUTTING ON HIGHWAY—SECURITY TO THE
PUBLIC.—The owner of a ditch which is upon a public street in a
city is under obligation to keep it in such condition as the safety
of persons traveling upon the street, and exercising reasonable
care, to avoid danger, demand, and the failure to keep same in such
safe condition is negligence, and renders the owner liable to dam-
ages for personal injuries resulting from such condition, in case
the injured party is not guilty of contributory negligence.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Joseph W. Huston, for Appellant.

It is contended by the appellant that upon the evidence of
the plaintiff, the defendant's motion for a nonsuit should have
been granted. There was no dispute as to the facts and under
such conditions, negligence, involving the cognate proposition
of contributory negligence, becomes a question for the court.
(*Pool v. Southern Pac. Co.,* 20 Utah, 210, 58 Pac. 326; *Word-
law v. Railroad Co.* (Cal.), 42 Pac. 1075; *Abbott v. Chicago
etc. Ry. Co.,* 60 Minn. 482, 16 N. W. 266; *Johnson v. Rio
Grande etc. Ry. Co.,* 19 Utah, 77, 57 Pac. 17.) The evidence
in this case fails to establish: 1. That the damage or injury
claimed by the plaintiff if any was sustained by the plaintiffs,
was attributable to any negligence of the defendant corporation
as the proximate cause thereof. (*La Londe v. Peake,* 82 Minn.
124, 84 N. W. 726, and cases cited; *Farmers' High Line etc.
Co. v. Westlake,* 23 Colo. 26, 46 Pac. 134; Long on Irrigation,
sec. 71.)  2. Appellant contends that the evidence fails to

show any negligence on the part of defendant. (*Thomas v. Pocatello Power etc. Co.*, ante, p. 435, 63 Pac. 595.)

C. C. Cavanah, for Respondents.

The operating of a water ditch across, upon and along a street in a populous city in an open and exposed condition without any protection or notice or warning to the traveling public is a public nuisance. (Idaho Rev. Stats., secs. 3620, 4529; *Boise City v. Boise Rapid Transit Co.*, 6 Idaho, 779, 59 Pac. 716; *City of Lewiston v. Booth*, 3 Idaho, 692, 34 Pac. 809; *Marks v. Weinstock*, 121 Cal. 53, 53 Pac. 362; Elliott on Roads and Streets, old ed., 483, 487; Elliott on Roads and Streets, new ed., secs. 645, 650; *Bond v. Smith*, 44 Hun, 219, 222; *Parker v. Marcon*, 39 Ga. 725, 729, 99 Am. Dec. 486.) The defendant, Boise City Canal Company, being the author and continuer of a public nuisance in and upon one of the principal traveled streets of Boise City, is liable under the law for injuries sustained by a traveler exercising ordinary care and prudence when traveling upon the highway. (2 Dillon on Municipal Corporations, new ed., secs. 1032, 1034; Elliott on Roads and Streets, new ed., sec. 711; Buswell on Personal Injuries, secs. 187, 189; 1 Thompson on Negligence, 354; 2 Shearman and Redfield on Negligence, sce. 715; *Carroll v. Centralia Water Co.*, 5 Wash. 613, 32 Pac. 609, 33 Pac. 431; *City of Denver v. Solomon*, 2 Colo. App. 534, 31 Pac. 507; *Platte etc. Min. Co. v. Dowell*, 17 Colo. 376, 30 Pac. 68; *Sexton v. Zett*, 44 N. Y. 430; *Beck v. Carter*, 68 N. Y. 283, 23 Am. Rep. 175, and note; *Clifford v. Dam*, 81 N. Y. 52; *Barry v. Terkildsen*, 72 Cal. 254, 1 Am. St. Rep. 55, 13 Pac. 657, *Tomle v. Hampton*, 129 Ill. 379, 21 N. E. 800; *Graves v. Thomas*, 95 Ind. 364, 48 Am. Rep. 727; *Denver etc. Co. v. Robbins*, 2 Colo. App. 313, 30 Pac. 261; Shearman and Redfield on Negligence, sec. 715.)    We contend that before a person can be charged with contributory negligence, it must appear from the whole testimony in the case, that he, at the time of the accident, was not exercising ordinary care and prudence. Ordinary care depends upon the circumstances of each particular case and is such care as a person of ordinary prudence

would exercise under similar circumstances. (*Cronin v. Village etc.,* 50 Wis. 375, 7 N. W. 249; *Giffen v. City of Lewiston,.* 6 Idaho, 231, 55 Pac. 545; *Cannon v. Lewis,* 18 Mont. 402,. 45 Pac. 572.) It would seem from the construction placed upon the testimony by the learned counsel for defendant that the law requires a traveler upon a street in a populous city to be on the lookout for obstructions, and to assume that the public street or walk is in a dangerous condition. We answer that the rule is just the reverse, because a traveler upon a public highway in a city has a right to assume the safety of the highway, and is not bound to be on the lookout for danger therein. (*McGuire v. Spence,* 91 N. Y. 303, 43 Am. Rep. 668; *Weed v. City of Boston,* 76 N. Y. 329; *Shidt v. Dreyfuse Co.,* 50 La. Ann. 837. 23 South, 837; *Thompson v. Inhabitants of Bridgewater,* 7 Pick. 188.) Where the plaintiff, assuming that a sidewalk was safe and knowing nothing to the contrary, fell into a hole in the sidewalk from which the cover had been removed, she was held not guilty of contributory negligence. (*Kelley v. Blackstone,* 147 Mass. 448, 9 Am. St. Rep. 730, 18 N. E. 217; *Crites v. City of New Richmond,* 98 Wis. 55, 73 N; W. 322; *Brush etc. Co. v. Kelley,* 126 Ind. 220, 25 N. E. 812; *Jennings v. Van Schaick,* 108 N. Y. 530, 2 Am. St. Rep. 459, 15 N. E. 424.) Unless the evidence clearly discloses that the plaintiffs did not exercise ordinary care at the time of the accident, then the question of contributory negligence becomes one of fact to be submitted to the jury for determination. (Buswell on Personal Injuries, sec. 138; *Johnson v. Thomas,* (Cal.), 43 Pac. 578; *Smith v. Rio Grande etc. Ry. Co.,* 9 .Utah, 369, 33 Pac. 626; *Linden v. Anchor Min. Co.,* 20 Utah,. 134, 58 Pac. 355; *James v. San Ive etc. Ry. Co.,* 55 Cal. 593;. *Buchel v. Gray Bros.,* 115 Cal. 421, 47 Pac. 112; *City of Knoxville v. Cox,* 103 Tenn. 368, 53 S. W. 734; *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. Rep. 679; *Richmond etc. Co. v. Powers,* 149 U. S. 43, 13 Sup. Ct. Rep. 748; 2· Thompson on Negligence, 1178; Wharton on Negligence, sec. 420.)

Per CURIAM.—This action was commenced in the district. court of Ada county to recover damages for personal injuries

occasioned by the respondent Ardella Horn, wife of the respondent Jake Horn, by walking into a ditch owned by the appellant, the Boise City Canal Company, running through the city of Boise for a large portion of the way along the north side of Grove street, in said city, but upon the highway. The accident occurred between Eighth and Ninth streets. The respondents were traveling along said highway, returning in a cab from the depot to the Overland Hotel, where they were stopping. After leaving Ninth street, going easterly toward Eighth street, on Grove, one of the cab horses fell; whereupon the driver requested the respondent Mrs. Horn to step out of the cab for fear of an accident, as the horse might, in its struggles to get up, cause the cab to lurch, and thus injure said respondent. The evidence shows that respondent inquired as to where the sidewalk could be found, to which her husband, respondent Jake Horn, replied, "Over there." There were a number of arc lights along the street, and the ground upon this occasion was covered with snow. The respondent Ardella Horn started to the north side of the street, in order to get upon the sidewalk. In approaching the ditch it appeared dark, snow being on either side, and said respondent naturally concluded that the ditch was the sidewalk, and stepped into it; the water being filled with slush ice, running rapidly, and about two feet eight inches in depth. Said respondent lost her footing, sank once or twice, and attracted her husband by her screams, who rescued her from the ditch. Respondent was naturally chilled by her contact with said ice water, and suffered considerably from nervousness during that night. and for some time afterward suffered more or less physical pain from her ankle being sprained and one of her wrists injured in her fall. The evidence does not show that said respondent lost any time, or was so disabled as to be disqualified from performing her ordinary domestic duties for any length of time, and no actual damage, by way of expense for medical service, was proven at the trial. The amount of damages demanded is $600, for which amount the jury brought in a verdict in favor of the respondents. The evidence shows that Grove street is eighty feet wide; that the accident in question occurred at a point opposite the Hardman

Block; that it is seventy-three feet from the Hardman Block, on the southerly side of the street, to the said ditch, which is on the northerly side of the street, running parallel with said street. Appellant, at the close of the trial, moved for a nonsuit, which motion is as follows: "Defendant moves for a nonsuit, on the ground that the evidence on the part of the plaintiffs fails to show any negligence on the part of the defendant, and does show contributory negligence on the part of the plaintiffs." This motion was overruled by the court. The appellant presenting no evidence, the cause was submitted upon instructions to the jury, which returned the said verdict. Appellant insists upon a reversal upon the following grounds: (1) That the damage or injury claimed by the plaintiffs, if any was sustained by the plaintiffs, was not attributable to any negligence of the defendant corporation as the proximate cause thereof; (2) that the evidence fails to show any negligence on the part of defendant; (3) the evidence shows palpable contributory negligence on the part of plaintiffs; (4) there was no proof whatever of damages.

There is no question but that the appellant is the owner of a ditch in the city of Boise, upon one of the public highways. This ditch being upon the public highway, in an inhabited city, it was the duty of appellant, as owner, to keep the same in such condition as not to endanger the life or person of the traveler upon said street. The evidence shows the failure upon the part of appellant to keep this property in such condition. This failure was negligence, and such as renders appellant responsible to persons who, exercising reasonable care, should be injured by reason of such condition of said ditch. We do not think the evidence shows any contributory negligence upon the part of the respondent who was injured. Both she and her husband testified that they were ignorant of the existence of said ditch in that locality. Her attempt to reach the sidewalk, under the circumstances, was natural and prudent. It being night, the immediate locality being but dimly lighted, and the ground on either side of said ditch being covered with snow, the water, as a matter of course, appeared dark, and respondent evidently believed, as testified to by her, that said ditch was the sidewalk.

It is true that the evidence of no witness states any amount of damages, but the respondent suffered more or less physical pain for a considerable length of time. Both mental and physical suffering are elements of damages, and are to be considered, in actions of tort, by the jury. This is one of those cases in which it is impossible to show with reasonable certainty the amount of damages sustained by result of an injury. This being true, the measure must necessarily be left to the good sense and sound discretion of the jury. It is well said in 8 American and English Encyclopedia of Law, second edition, at page 630, that "in no other class of cases does the amount of damages rest so largely in the discretion of the jury as in those involving the recovery for the infliction of personal injuries, and the courts are very loath to interfere with a verdict in such cases, in the absence of plain evidence that the jury have abused the discretion vested in them." The same authority says: "The real question in all these cases is not whether the amount of the damages awarded by the jury is more or less than is, in the opinion of the court, proper, but whether it is shown that the jury have abused the discretion vested in them." While it appears to us that the verdict of the jury is for rather a large amount for the injury received, yet under the evidence in the record, which we have carefully examined, we do not feel authorized to disturb the verdict upon the ground that the jury has abused the discretion vested in it, or that the jury has given an excessive verdict for damages while acting under the influence of passion or prejudice. For the foregoing reasons, the judgment is affirmed. Costs awarded to the respondents.