(June 5, 1902.)

## McLEAN v. CITY OF LEWISTON.

### [69 Pac. 478.]

STREETS AND SIDEWALKS—CITY CHARTER.—That part of the charter of the city of Lewiston, which provides that said city shall be liable to anyone for any loss or injury, to person or property, growing out of any casualty or accident happening to any such person or property, on account· of any "street or public ground therein," is broad enough to, and does, include the sidewalks on the streets.

COMPLAINT—SPECIFIC ALLEGATIONS.—Only ultimate facts need be pleaded, and allegations of complaint must be made sufficiently specific to enable defendant to make a full and complete defense to the action.

LEADING AND SUGGESTIVE QUESTIONS.—Permitting leading questions to one's own witness is largely in the discretion of the court, and the action of the court thereon will not be disturbed unless an

abuse of discretion is shown. There are many exceptions to the general rule that leading questions are not permitted.

HYPOTHETICAL QUESTION.—Hypothetical questions must be based on the facts admitted or established by the evidence, or both.

ALLEGATIONS OF PERMANENT INJURY.—Allegations of great bodily injury, and that by reason thereof plaintiff was rendered an invalid, and a cripple, is a sufficient allegation of permanent injury.

EXPERT WITNESSES—IMPEACHING WITNESSES—CROSS-EXAMINATION.— Great latitude is allowed in the cross-examination of expert and impeaching witnesses.

DAMAGES FOR PERSONAL INJURIES.—The law does not fix any precise rule of damages in actions for personal torts, but leaves their assessment to the unbiased judgment of the jury.

EXCESSIVE DAMAGES.—In such actions, the verdict will not be disturbed on the ground of excessive damage, unless the amount of damages is so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool dispassionate consideration of the jury.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

McFarland & McFarland, for Appellant.

The demurrer to the complaint should have been sustained because: An action for damages by a private individual against a municipal corporation for an injury sustained by a defect in a highway cannot be maintained, in the absence of a statute expressly declaring such liability. (*Arkadelphia v. Windham,* 49 Ark. 139, 4 Am. St. Rep. 32, 4 S. W. 450; *Ft. Smith v. York,* 52 Ark. 84, 12 S. W. 157; *Winbigler v. Los Angeles,* 45 Cal. 36; *Arnold v. San Jose,* 81 Cal. 618, 22 Pac. 877; *Chidsey v. Canton,* 17 Conn. 475; *Hewison v. New Haven,* 37 Conn. 475, 9 Am. Rep. 342; *Mitchell v. Rockland,* 52 Me. 118; *Hill v. Boston,* 122 Mass. 344-351, 23 Am. Rep. 332; *McArthur v. Saginaw,* 58 Mich. 357, 55 Am. Rep. 687, 25 N. W. 313; *Clark v. Manchester,* 62 N. H. 577; *Pray v. Jersey City,* 32 N. J. L. 394; *Taylor v. Peckham,* 8 R. I. 349, 91 Am. Dec. 235; *Young v. Charleston,* 20 S. C. 116, 47 Am. Rep. 827; *Hyde v. Jamaica,* 27 Vt. 443; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553.) The provision of the charter makes no mention of the word

"sidewalk," and, therefore, according to our view, an action will not lie against the city for an injury sustained by reason of a defect in a sidewalk, and that being true, the complaint fails to state a cause of action. In construing these statutes it is generally considered by the court that the legislature intended to put no greater burden upon the corporation than the plain meaning of the language used indicates. In a word, they are usually construed strictly in favor of the defendant. (William's Municipal Liability for Tort, p. 118, sec. 72; *Brown v. Skowhegan,* 82 Me. 273-276, 19 Atl. 399; *City of Detroit v. Putman,* 45 Mich. 263, 7 N. W. 815; *Rouse v. Somerville,* 130 Mass. 361.) Ruling of the court upon the admission of testimony: It seems to be well settled that where the injuries described are not of a nature which are necessarily, or at least ordinarily and usually permanent, permanency must be alleged in terms, or evidence that the consequences will be permanent is not admissible. (*Gulf etc. R. Co. v. Warlick,* 1 Ind. Ter. 10, 35 S. W. 235; *Kuhn v. Freund,* 87 Mich. 545, 49 N. W. 867; *Shadock v. Alpine etc. Road Co.,* 79 Mich. 7, 44 N. W. 158; *French v. Wilkinson,* 93 Mich. 322, 53 N. W. 530.) While courts, as a general rule, rarely reverse a case because of leading and suggestive questions, we submit that in a case where the record discloses that all questions propounded by a party are leading and suggestive, the court will interfere. They were certainly not proper cross-examination and appellant was prejudiced thereby. (*Gridley v. Boggs,* 62 Cal. 190; *Philadelphia etc. Ry. Co. v. Stimpson,* 14 Pet. 445; *Smalley v. City of Appleton,* 75 Wis. 18, 43 N. W. 826; *People v. Denby,* 108 Cal. 54, 40 Pac. 1051; *People v. Baird,* 104 Cal. 462, 38 Pac. 310; *Last Chance etc. Co. v. Heilbron,* 86 Cal. 1, 26 Pac. 523; *McFadden v. Santa Ana,* 87 Cal. 464, 25 Pac. 681; *Boggs v. Thompson,* 13 Neb. 403, 14 N. W. 393; *Hurlbut v. Hall,* 39 Neb. 889, 58 N. W. 538; *Alexander v. Mandaville,* 33 Ill. App. 589; *Bell v. Prewitt,* 62 Ill. 362; *Buckley v. Buckley,* 12 Nev. 423.) The court should have given instruction No. 9, requested by appellant. That instruction is as follows: "You are also instructed that the city is bound only to the exercise of reasonable prudence

and diligence in the construction of its sidewalks and is not required to see and provide against every possible danger or accident that may occur. It is only required to keep its streets and sidewalks in a reasonably safe condition and it is not an insurer against accidents." While municipal corporations are required to exercise reasonable prudence and diligence in the construction of their sidewalks and in keeping them in a reasonably safe condition, they are not insurers of the safety of persons traveling upon such sidewalks, and the court should have given the instructions. (*Chicago v. Bixby*, 84 Ill. 82, 25 Am. Rep. 429; William's Municipal Liability for Tort, p. 177, sec. 105.) We earnestly insist that $12,000 are excessive damages in an action of this kind, and under the testimony. All of the expert witnesses testified that Mrs. McLean could be cured by a capital operation. It is true that they explained that a capital operation is accompanied by more or less danger to the patient, and requires great skill on the part of the surgeon. This may be said of almost all surgical operations, and while we have no statistics to furnish the court, and while probably there is no testimony in the record to that effect, we submit that it is a notorious fact that operations for Mrs. Mc-Lean's alleged difficulty are more numerous and common than any other performed for women. Had Mrs. McLean been rendered a permanent invalid, or cripple, which is by no means the case, the damages would still have been excessive, and for that reason the judgment should be reversed and a new trial ordered. "Although the courts are inclined to allow juries a most liberal exercise of the discretions vested in them with reference to the amount of recovery in personal injury cases, it is not only the power, but one of the highest duties of a court, to interfere, where improper motives have influenced the jury in their assessment of the damages given." (Watson on Damages for Personal Injuries, p. 420, sec. 333; *Louisville etc. R. R. Co. v. Minogue,* 90 Ky. 369, 29 Am. St. Rep. 378, 14 S. W. 357; *De Wardner v. Metropolitan St. R. Co.,* 1 App. Div. 240, 37 N. Y. Supp. 133.) The right of the court to interfere with the verdict in a personal injury suit, "when the damages found

by the jury are clearly excessive, though it has always been cautiously exercised, has never been denied. Such a right is absolutely necessary to the sane administration of justice, and ought in all proper cases, to be ascertained and exercised." (*Collins v. Albany etc. R. Co.,* 12 Barb. (N. Y.) 495; *Hamilton v. Great Falls Street Ry. Co.,* 17 Mont. 334, 42 Pac. 860, 43 Pac. 713; *Brown v. Southern Pac. Ry. Co.,* 7 Utah, 288, 26 Pac. 579; *Deep Mining etc. Co. v. Fitzgerald,* 21 Colo. 533, 43 Pac. 210; *Slette v. Great Northern Ry. Co.,* 53 Minn. 341, 55 N. W. 137; *Illinois Cent. Ry. Co. v. Welch,* 52 Ill. 183, 4 Am. Rep. 593; *Quirk v. Siegel-Cooper Co.,* 26 Misc. Rep. 244, 56 N.Y. Supp. 49; *Louisville etc. Co. v. Creighton,* 22 Ky. Law Rep. 493, 50 S. W. 627; *Union Pac. Ry. Co. v. Hand,* 7 Kan. 380; *Kennen v. Gilmer,* 5 Mont. 257, 51 Am. Rep. 45, 5 Pac. 847; *Purcell Mill Co. v. Kirkland,* 2 Ind. Ter. 169, 47 S. W. 311; *Louisville etc. Co. v. Whitley County Court,* 20 Ky. Law Rep. 1367, 49 S. W. 332; *Houston etc. R. Co. v. Bird* (Tex. Civ. App.), 48 S. W. 156; *Missouri etc. Ry. Co. v. Turley,* 1 Ind. Ter. 275, 37 S. W. 52; *Cherokee Packet Co. v. Hilson,* 95 Tenn. 1, 31 S. W. 737.) Insufficiency of the testimony: This action was not prosecuted in good faith upon the part of respondents. At the outset of the testimony, respondents did not proceed upon the theory that Mrs. McLean's womb was permanently injured, or retroverted or retroflexed by reason of the accident. During the testimony of J. A. McLean nothing was said about retroversion or retroflexion, in fact, the word "womb" was not discussed. In their testimony the witnesses claimed that Mrs. McLean's injuries consisted of bruised breasts and arms and an abdominal rupture. We believe we are justified in thinking that this theory of respondent's case was an afterthought. If such condition of the womb existed at all, it must have existed prior to the accident. In an action of this kind negligence is the sole basis and extent of the liability. It does not arise unless and until that appears as an element in the case. (*Monmouth v. Sullivan,* 8 Ill. App. 50; *Hunt v. Mayor,* 109 N. Y. 134, 141, 16 N. E. 320; *Village of Oak Harbor v. Kallager,* 52 Ohio St.

183, 39 N. E. 144.)    The liability of municipal corporations relative to highways rests solely upon negligence.    But before negligence can be predicated of them, they must be in a position to act.    No mere failure to remedy defects of the existence of which they have no notice, either actual or constructive, can be negligence.    When a liability for injuries occasioned by a defect in the highway is sought to be enforced, the injured person must show that the municipality actually had notice, or, by the exercise of reasonable care and diligence, might have had notice, of the defective condition in time either to have remedied it before the accident happened, or at least to have taken such steps as would prevent the injury.    In all such cases unless notice, either actual or constructive, is shown, the corporation is not liable in a private action.    (William's Municipal Liability for Tort, p. 200, sec. 121; *City of Boulder v. Weger* (Colo. App.), 66 Pac. 1070; *Cunningham v. Denver,* 23 Colo. 18, 58 Am. St. Rep. 212, 45 Pac. 356; *Montgomery v. Wright,* 72 Ala. 411, 47 Am. Rep. 422; *Boulder v. Niles,* 9 Colo. 415, 12 Pac. 632; *Faxhey v. Harvard,* 62 Ill. 28; *Evansville v. Senhenn,* 151 Ind. 42, 58, 68 Am. St. Rep. 218, 47 N. E. 634, 51 N. E. 88; *Jones v. Clinton,* 100 Iowa, 333, 69 N. W. 418; *McFarland v. Emporia Township,* 59 Kan. 568, 53 Pac. 864; *Wakeham v. Clair Township,* 91 Mich. 15, 51 N. W. 696; *Davis v. Omaha,* 47 Neb. 836, 66 N. W. 859; *Thomas v. Town of Brooklyn,* 58 Iowa, 438, 10 N. W. 849; *Klatt v. Milwaukee,* 53 Wis. 196, 40 Am. Rep. 759, 10 N. W. 162; *Noyes v. Gardner,* 147 Mass. 505, 508, 18 N. E. 423; *Cooper v. Milwaukee,* 97 Wis. 458, 72 N. W. 1130; *Stoddard v. Winchester,* 154 Mass. 149, 26 Am. St. Rep. 223, 27 N. E. 1014; *Fitzpatrick v. Darby,* 184 Pa. St. 645, 39 Atl. 545; *Jackson v. Pool,* 91 Tenn. 448, 19 S. W. 324; *Denver v. Dean,* 10 Colo. 375, 3 Am. St. Rep. 594, 16 Pac. 30; *Weber v. Creston,* 175 Iowa, 16, 39 N. W. 126; *Albrittin v. Huntsville,* 60 Ala. 486, 31 Am. Rep. 46; *Broburg v. Des Moines,* 63 Iowa, 523, 50 Am. Rep. 756, 19 N. W. 340; *McGrail v. Kalamazoo,* 94 Mich. 52, 53 N. W. 955; *Elster v. Seattle,* 18 Wash. 304, 51 Pac. 394; *Whitfield v. Meridian,* 66 Miss. 570, 576, 14 Am. St. Rep. 596, 6 South. 244.)

Miles S. Johnson, for Respondents.

Counsel for appellant urges that, as the complaint alleges the injury to have been received by reason of the defective condition of the sidewalk, that the complaint ranges outside the express terms of the statute; hence the plaintiffs did not state a cause of action because of departure from strict and express terms. They urge this honorable court to reconsider its decision in the case of *Giffen v. Lewiston*, 6 Idaho, 231, 55 Pac. 545; but the authorities cited in support of this request do not, we think, justify the court in taking such action. There is no disputing the proposition that at common law a municipality was not liable for the unsafe or dangerous condition of its streets; and, of course, no recovery could be had when there was no statute creating such responsibility. The only question then remaining open, it would seem, is the one, Do the terms "street"' or "public grounds" include the term "sidewalk"? Clearly, they do so include it. Street is defined as a "public way or road, whether paved or unpaved, in a village, town or city, ordinarily including a sidewalk or sidewalks and a roadway, and having houses or town lots on one or both sides; a main way, in distinction from a lane or alley; as a fashionable street; a street of shops." (See Century Dictionary, vol. 5.) The liability of a city or town for actionable defects extends to sidewalks, they being deemed to constitute part of the street. (See *Studley v. Oshkosh*, 45 Wis. 380; *Furnell v. St. Paul*, 20 Minn. 117; *Warren v. Wright*, 3 Ill. App. 602; *Rockford v. Hilderbrand*, 61 Ill. 155; *Chicago v. Langlass*, 66 Ill. 361; *Atlanta v. Perdue*, 53 Ga. 607; *Chicago v. McCarty*, 75 Ill. 602; *Moore v. Minneapolis*, 19 Minn. 300; *Barnes v. Newton*, 46 Iowa, 567; *Market v. St. Louis*, 56 Mo. 189; *City of Montgomery v. Townsend*, 80 Ala. 489, 60 Am. Rep. 112, 2 South. 155; *State v. Berdetta*, 73 Ind. 185, 38 Am. Rep. 117; *City of Kokomo v. Mahan*, 100 Ind. 242; *Dooley v. Town of Sullivan*, 112 Ind. 451, 2 Am. St. Rep. 209, 14 N. E. 566; 2 Dillon on Municipal Corporations, 780; *Wiles v. Hoss*, 114 Ind. 371, 16 N. E. 800.) Ruling of the court upon the admission of testimony: We will not discuss the proposition as to the

questions having been leading, for the simple reason that, under proper circumstances and conditions, and in the discretion of the trial court, leading questions are permissible. There has been nothing pointed out by the appellant to show that the trial court in anywise abused this discretion. The allegations are sufficiently broad and comprehensive to permit proof of invalidism and permanent injuries. "It is not necessary in such actions (actions for personal injuries) that the petition (complaint) should undertake to give a specific catalogue of the plaintiff's injuries. It is enough that the declaration shows the injury complained of, without describing it in all its seriousness and a recovery should be had in proportion to the extent of the injury." (5 Ency. of Pl. & Pr. 746; *Keyser v. Chicago etc. Ry. Co.,* 66 Mich. 390, 33 N. W. 873; *Yeager v. City of Bluefield,* 40 W. Va. 484, 21 S. E. 752; *Chicago etc. R. R. Co. v. Sullivan* (Ill.), 17 N. E. 460; *Gumb v. Twenty-third St. R. Co.,* 114 N. Y. 414, 21 N. E. 993; *Babcock v. St. Paul R. Co.,* 36 Minn. 147; *Bradbury v. Benton,* 69 Me. 199; *Treadwell v. Whittier,* 80 Cal. 581, 13 Am. St. Rep. 175, 22 Pac. 266.) "The cross-examination of a party, or of an expert, should be allowed a liberal range, touching all matters testified to, in chief, or tending to test the temper, bias, motives, intelligence, accuracy, credibility or means of knowledge of the witness." "After counsel have propounded to an expert a hypothetical question, based upon the facts assumed to have been proved in accordance with their theory of the case, opposing counsel may propound the same questions to the same witness, based on the facts assumed in the opposing theory." (*People v. Foley,* 64 Mich. 148, 156, 31 N. W. 94; *Quinn v. Higgins,* 63 Wis. 664, 53 Am. Rep. 305, 24 N. W. 482; *Dillebar v. Home Life Ins. Co.,* 87 N. Y. 79; *People v. Angsbury,* 97 N. Y. 501; *Geisendorff v. Eagles,* 106 Ind. 38, 5 N. E. 743; *People v. Sutton,* 73 Cal. 243, 15 Pac. 86; *Davis v. State,* 35 Ind. 496, 9 Am. Rep. 760; *Williams v. State,* 64 Ind. 384, 393; *Dove v. State,* 52 Tenn. 348; *Conway v. State,* 118 Ind. 482, 21 N. E. 285; *Louisville N. A. etc. R. Co. v. Falvey,* 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; *McFadden v. Santa Ana etc. Ry.*

*Co.*, 87 Cal. 464, 25 Pac. 681.) "The defendant corporation is bound by law to use all reasonable care, caution and supervision to keep its streets, sidewalks and bridges in safe condition for travel, in the ordinary modes of traveling, by night as well as by day, and if it fails to do so, it is liable for injuries sustained in consequence of such failure." (*Mayor v. Dodd*, 58 Ga. 238; *Centerville v. Woods*, 57 Ind. 192; *Rowell v. Williams*, 29 Iowa, 210; *St. Paul v. Kuby*, 8 Minn. 154; *People v. Mayor*, 63 Ill. 207; *Anderson v. Ogden etc. Co.*, 8 Utah, 128, 30 Pac. 305.) "In cases of this character, the law does not prescribe any fixed or definite rule of damage, but from necessity leaves their assessment to the good, sound and unbiased judgment of the jury. The verdict will not be disturbed on motion for a new trial, unless the amount is so large as to induce a reasonable person upon hearing the circumstances to declare it outrageously excessive, or as to suggest at first blush passion or prejudice or corruption on the part of the jury." (See *Aldrich v. Palmer*, 24 Cal. 513; *Wheaton v. B. & M. R. R. Co.*, 36 Cal. 591; Hayne on New Trial and Appeal, sec. 95, p. 265; *Boyce v. California Stage Co.*, 25 Cal. 473; *Osborne v. City of Detroit*, 18 Am. & Eng. Corp. Cas. 240; *Schroth v. City of Prescott*, 18 Am. & Eng. Corp. Cas. 250; *Wall v. Livezay*, 6 Colo. 465; *City of Denver v. Dunsmore*, 4 Am. & Eng. Corp. Cas. 581; *City of Galveston v. Posnainsky*, 8 Am. & Eng. Corp. Cas. 502.) "That a jury has been influenced by passion or prejudice must be made to appear affirmatively. (*Cox v. N. W. Stage Co.*, 1 Idaho, 376.) Before the appellate court can interfere on the ground of excessive damages, the verdict must be so plainly and outrageously excessive as to suggest, at the first blush, passion or prejudice on the part of the jury." (*Howland v. Oakland Con. Co.*, 110 Cal. 523, 42 Pac. 983; *Wall v. Livezay*, 6 Colo. 474; *Ryan v. Gilmer*, 2 Mont. 523, 25 Am. Rep. 740; *Solen v. Virginia etc.*, 13 Nev. 154; *Aldrich v. Palmer*, 24 Cal. 513; *Wheaton v. B. & M. R. R. Co.*, 36 Cal. 591; *Lee v. Southern Pac. R. R. Co.*, 101 Cal. 118, 35 Pac. 572; *Boyce v. California Stage Co.*, supra; *Wilson v. Fitch*, 41 Cal. 385; *Weaver v. Page*, 6 Cal. 684; *Taylor v. California*

*Stage Co.,* 6 Cal. 230; *Flanagan v. Forsythe,* 6 Okla. 225, 50 Pac. 152; *Cunningham v. R. Co.,* 49 Fed. 439; *City of Aurora v. Bilner,* 8 Am. & Eng. Corp. Cas. 571; *Van Whitner v. Henry Co.,* 2 Am. & Eng. Corp. Cas. 512; *Calder v. Smalley,* 7 Am. & Eng. Corp. Cas. 20; *Clare v. Sacramento etc. Co.,* 122 Cal. 504, 55 Pac. 326; *Morgan v. Southern Pac. Co.,* 95 Cal. 501, 30 Pac. 601.)    "When the sidewalk of a city is out of repair, and remains so for such a length of time that the public authorities of the city, in the exercise of reasonable care and prudence, ought to have discovered the fact, that actual notice of the condition of the walk will not be necessary to hold the city liable for injury sustained by a person in consequence of the dangerous condition of the street, if he is himself using reasonable care to avoid such injury."    (Shearman and Redfield on Negligence, sec. 148; *Mayor v. Sheffield,* 4 Wall. 189; *City of Springfield v. Doyle,* 76 Ill. 202; *Schweickhardt v. St. Louis,* 2 Mo. App. 571; *Dundas v. City of Lansing,* 75 Mich. 499, 13 Am. St. Rep. 457, 42 N. W. 1011, 5 L. R. A. 144; *Saulsburg v. Village of Ithica,* 94 N. Y. 27; *Moon v. City of Ionia,* 81 Mich. 635, 46 N. W. 25; *Shipley v. City of Bolivar,* 42 Mo. App. 401; *City of Olney v. Riley,* 39 Ill. App. 401.)

SULLIVAN, J.—This action was brought by the respondents, who are husband and wife, for damages to the wife by reason of a defective sidewalk and of a cellar door opening therein.    It is alleged that while said respondent, without fault or negligence on her part, was walking along said sidewalk, she was violently precipitated through said cellar door into the cellar underneath; that she was in an extremely delicate condition, being pregnant with child; was greatly bruised and injured, and received great bodily injury, and was made sick and sore, and received such injuries as to render her an invalid and a cripple.    A demurrer was interposed to the complaint and overruled.    Thereupon the appellant answered, denying all of the material allegations of the complaint except the corporate existence of appellant.    The answer also averred contributory negligence on the part of respondents.    A jury trial was had,

and resulted in a verdict of $12,000 for respondents, on which judgment was entered. A motion for a new trial was denied. This appeal is from the judgment and the order denying the motion for a new trial.

Seventy-eight errors are assigned as grounds for a reversal of said judgment. The first is that the court erred in overruling the demurrer to the complaint. It is contended that this action was brought under the following provision of the city charter, to wit: "The city of Lewiston shall be liable to anyone for any loss or injury to person or property growing out of any casualty or accident happening to any such person or property on account of the condition of any street or any public ground therein." It is contended that at common law an action for damages by a private individual against a municipal corporation for an injury sustained by a defect in a highway could not be maintained, and for that reason the respondents are held to the express terms of said quoted provision of the city charter; and that, as said provision makes no mention of the sidewalks, the complaint fails to state a cause of action. We cannot agree with this contention. This court held in *Giffen v. City of Lewiston*, 6 Idaho, 231, 55 Pac. 545, that the words "street or public grounds," as used in the above-quoted provision of the city charter, were broad enough to cover and include sidewalks; and, after considering the very able argument of counsel for appellant, we are not inclined to reverse said decision on that point. After a most careful consideration of all of the grounds of said demurrer, we cannot say that the court erred in overruling it. It is true that the complaint is not as specific as some pleaders would have made it, but we think the ultimate facts therein stated constitute a cause of action. In this class of cases the pleader must state all facts necessary to inform the defendant of all acts or omissions that are charged against the defendant, so as to enable him to make a full and complete defense thereto. It is an established rule of pleading that probative facts need not be pleaded.

On an examination of the answer and the proceedings at the trial we find that the attorneys for the appellant did all that

could be done to protect the rights of the city, and were in no way misled because the allegations in the complaint were not more specific.    This disposes of the second assignment of error.

Assignments Nos. 3 to 16, inclusive, and 26 to 29, inclusive, relate to the action of the court in overruling appellant's objection to questions propounded to witnesses J. A. McLean and Dr. Brown by counsel for respondents.    It is contended that said questions are leading and suggestive, and have for their object and purpose the proving of permanent injuries to respondent Mrs. McLean; and it is earnestly contended that under the allegations of the complaint testimony of permanent injury was inadmissible, for the reason that such injury is not alleged in the complaint.    On the point made as to said questions being leading and suggestive, we would say that under proper circumstances and conditions leading questions are permissible—questions introductory in character; questions to a hostile witness; and cases where it is shown that the witness does not comprehend the import of the question propounded, or is embarrassed. There are many exceptions to the general rule on this subject. And as the permission to ask such questions is largely in the discretion of the court, such discretion will not be disturbed, unless an abuse of it is shown, which is not done in this case. And on the other point, to wit, that the allegation of permanent injury in the complaint is not sufficient to warrant the admission of evidence thereof, we are of the opinion that such allegation is sufficient.    The main allegation on that issue is that respondent Mrs. McLean received such great bodily injuries as to render her an invalid and a cripple.    That allegation, in connection with other allegations of injury showing permanent injury, is sufficient.    The evidence called out by the questions last above referred to was as to the health of respondent Mrs. McLean prior to and after injury; as to her ability to nurse her child after the injury; as to her complaints of ill-health before and after the accident; as to her disability and lameness; in regard to the rupture of respondent; as to her physical condition during the birth of her child; as to her ability to bear children after the injury; as to effect of injuries on her general

health; and as to whether, in the opinion of the physician, she was permanently injured for life—all of which evidence was admissible under the issues made by the pleadings.

Assignments 33 to 36 relate to a long hypothetical question propounded to medical witnesses of respondents. We have carefully examined said question, and, while we think it is more specific than was necessary, it is based on the facts shown by the evidence. Dr. Luhn's answer to said question was as follows: "I believe that a woman—such a one as described in the question—could not continue to be a healthy woman, and would probably be a wreck, a physical wreck." Other assignments of error go to the proof of the permanency of said injury, and the points therein involved are hereinabove disposed of.

Assignment No. 40 goes to the right of counsel for respondents, on cross-examination of a medical witness, to make out his case by such cross-examination. It appears that Dr. Shaff was called as a medical expert on the part of the city, and on cross-examination the hypothetical question above referred to was put to him. That question had been answered by the medical experts of respondents, and the answer of this witness corroborated the evidence of respondents' experts and served to strengthen it. But respondents did not rely on that cross-examination to make out their case. Under the law a liberal range is allowed in the cross-examination of expert witnesses, and we do not think the court erred in said matter. This applies also to assignment of error 43, in regard to the examination of the witness Phillips.

Objection was made to cross-examination of appellant's witnesses called to impeach one of respondents' witnesses, and on a careful examination of the interrogatories propounded we are unable to say that permitting such examination was error. Great latitude is allowed in cross-examination of impeaching witnesses.

Many other errors are assigned to the action of the court in the admission and rejection of evidence, which we have considered, and find no substantial error in them.

The leading counsel for respondents, in his argument to the jury, referred to one of the counsel for appellant, as we construe it, in a joking way, and counsel for appellant requested the court to require counsel to desist therefrom, and the court refused to do so, and stated, in the presence of the jury, that it would not interfere, and that counsel had a right to argue his cause from his own theory. While we do not consider such remarks proper, we do not think the refusal of the court to order counsel to desist from making them would warrant granting a new trial.

It is contended that instructions 19 and 20 given by the court on its own motion are objectionable on the ground that they do not give the jury any criterion on which to base the amount of damages to be awarded for the injury complained of, but license the jury to go outside of the testimony, and rely upon their judgment in other matters and business affairs in arriving at the amount of damages. Said instructions are as follows: "19. The jury are instructed that a party suing for an injury received can only recover such damages as naturally flow from, and are the immediate results of, the acts complained of. The jury should be governed solely by the evidence introduced before them, and they have no right to indulge in conjectures and speculations not supported by the evidence. If, from the evidence in the case, and under the instructions of the court, the jury shall find the issues for the plaintiffs, and that the plaintiffs have sustained damages, as charged in the complaint, then, in order to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage; but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation, and experience in the business affairs of life. 20. If the jury believe from the evidence that the plaintiff Miriam W. McLean was injured by reason of the defendant negligently failing to keep its sidewalk in reasonably good repair, or negligently allowing the same to remain in an unsafe condition, as explained in these instruc-

tions, and without fault on her part, and that she has sustained damage, then the jury have a right to find for her such an amount of damages as the jury believe from the evidence will compensate her for the personal injury so received, and also for the pain and suffering undergone by her, and any permanent injury, if any such has been proved, not exceeding the amount claimed in the complaint." The last clause of said nineteenth instruction is objectionable, but, taking said instructions together, they correctly instruct the jury that they have a right to find for the respondent such an amount of damages as they believe from the evidence would compensate her for the personal injury so received, and also for the pain and suffering undergone, and for any permanent injury, if any such had been proved. In this character of cases the law does not prescribe any fixed or definite rule of damage, but, from necessity, leaves their assessment to the good, sound, and unbiased judgment of the jury; and their verdict will not be disturbed unless the amount is so large as to suggest passion, prejudice, or corruption on the part of the jury. (*Aldrich v. Palmer,* 24 Cal. 513; *Horn v. Canal Co.,* 7 Idaho, 640, 65 Pac. 145.)

The giving of other instructions is assigned as error, all of which we have carefully examined, and find no merits in such assignments, as they state the law of this case based on the facts as established by the evidence.

Counsel for appellant requested a number of instructions, one of which the court gave, and refused to give the others. One of said instructions the court gave, and is as follows: "The court instructs the jury in this action the burden is upon the plaintiffs to prove by a preponderance of the evidence that plaintiff Miriam W. McLean received the fall alleged; that her person was injured by said fall; that at, up to, and just prior to said fall said cellar doors were imperfectly or insecurely fastened or secured; or that said sidewalk at that point was dangerous or unsafe for persons to walk over or upon; that said Miriam W. McLean, at the time of or before said accident, did not know of such dangerous or unsafe condition of said cellar doors and cellar thereunder, or unsafe side-

walk, or if, knowing of such defect or dangerous condition of said cellar door or sidewalk, she used diligence or care in stepping upon or walking over or across the same; that the defendant had actual knowledge of such defect or dangerous or unsafe condition of said cellar doors or sidewalk, or that such defect or dangerous or unsafe condition of said cellar doors or sidewalk existed for such length of time before the accident that the defendant, if exercising proper care or diligence, would have known of it; and you are further instructed that, if plaintiffs fail to prove any one of said facts, they cannot recover in the action, and your verdict should be for the defendant." That instruction, with those given by the court, cover nearly all of the ground of those requested by appellant, and which the court refused to give, and all that were proper to be given of said instructions. There is nothing in the record to indicate that the verdict was rendered through prejudice or passion, and under all of the evidence in the case we do not think that the damages awarded are excessive. In this case it is shown that a strong, healthy, young woman has become an invalid and cripple, unfitted for marital or other duties of a wife, and we are not inclined to disturb the judgment on account of excessive damages.

The judgment is affirmed, with costs in favor of respondents.

Quarles, C. J., and Stockslager, J., concur.