## ELKIN v. THE PEOPLE.

The weight of authority clearly establishes the rule that to permit a jury to separate under charge pending the trial of a murder case is not error *per se;* and it not appearing that the rights of the prisoner were affected by such separation, the cause will not be reversed. The practice, however, of allowing juries in such cases to separate, though with consent of the accused, is regarded as highly improper.

### *Error to District Court of Lake County.*

S. E. BROWNE and A. W. RUCKER, for plaintiff in error.

ATTORNEY-GENERAL, for defendant in error.

THE case is stated in the opinion.

BECK, J. The trial below was upon an indictment for murder, resulting in a verdict of guilty, upon which the prisoner was sentenced to the penitentiary for and during his natural life.

The single error assigned is, that the court by consent of counsel for the prisoner, and on part of the State as well, permitted the jury to separate at one of its adjournments during the progress of the trial.

The bill of exceptions discloses the facts, which were, that at the close of the testimony on the part of the people, being about the regular hour for adjournment in the evening, the judge inquired, in presence of the jury, if consent would be given for the jury to separate until the hour of eight o'clock next morning. Counsel for the prisoner and for the People both responded affirmatively; whereupon the judge gave the jury proper instructions concerning their duty during the adjournment, and permitted them to separate until next morning.

It is not pretended that any juror was guilty of misconduct during the interval of separation, or that any improper influences were brought to bear upon any member of the panel.

Ex parte Stout.

The position assumed is, that the fact of separation was error *per se,* for which the judgment should be reversed.

The decided weight of authority is so clearly the other way in cases like the present, that we deem it unnecessary to review the decisions bearing upon the point. The subject is fully considered, and many authorities cited in *Stephens* v. *The People,* 19 N. Y. 549; see also, *McKinney* v. *The People,* 2 Gil. 540, and *Jumpertz* v. *The People,* 21 Ill. 409.

It is proper to observe, however, that we regard the practice of permitting jurors to separate during the trial of an important criminal case of the grade of felony, and especially in murder cases, as highly improper, even though the consent of the prisoner be obtained therefor.

Such trials sometimes create considerable excitement in the public mind, and jurors being men, are liable to imbibe somewhat of the popular prejudices of the hour, if permitted to mingle with the masses during the progress of the trial.

It not appearing that the rights of the prisoner in the present case were affected by the separation, the judgment will be affirmed.

*Judgment affirmed.*