## No. 10,943.

### MITCHELL *v.* THE PEOPLE.

Decided December 1, 1924. Rehearing denied January 9, 1925.

Plaintiff in error was convicted of murder.

### *Affirmed.*

1. CRIMINAL LAW—*Confessions.* Whether or not a confession is voluntary is primarily a question for the trial court, and in the absence of a clear abuse of discretion, its ruling thereon will not be disturbed on review.

2. EVIDENCE—*Character and Weight.* The weight of evidence is for the jury, its character, for the court.

3.  CRIMINAL LAW—*Evidence, Circumstantial—Confessions.* Confessions, oral as well as written, are direct evidence, and not circumstantial as that term is used in section 6665, C. L. '21, concerning capital cases. ̩Reversing Damas v. People, 62 Colo. 418.

*On Rehearing.*

4.  COURT OPINIONS—*Overruled—Effect.* The contention, in a criminal case, that the reviewing court's construction of the statute relating to circumstantial evidence in capital cases, being contrary to a prior decision, is ex post facto legislation, overruled.

5.  CRIMINAL LAW—*Statutory Construction—Divided Opinion—Reasonable Doubt.* On review of a criminal case, dissent of a part of the justices to a construction of the statute involved, held not sufficient to create a reasonable doubt of which defendant should receive the benefit.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Messrs. CRUMP & RILEY, Mr. HERBERT M. MONROE, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. OLIVER DEAN, Assistant, for the people.

Mr. L. W. CUNNINGHAM, Mr. HORACE N. HAWKINS, Mr. B. F. REED, Mr. THOMAS WARD, Jr., Mr. N. WALTER DIXON, Mr. THOMAS J. DIXON, Mr. H. H. HINDRY, amici curiae.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, defendant below and hereinafter so designated, was tried for murder. The jury returned a verdict of guilty in the first degree and fixed the penalty at death. Sentence was pronounced accordingly. To review that judgment defendant prosecutes this writ.

Defendant and the .wife of another man went to the place of one Sherie, near Denver. There the three drank and caroused, and defendant and the woman retired together. Later in the night the woman transferred her favors to Sherie. Thereupon defendant left the house, took the woman's clothes with him and concealed them, secured

a pistol, and returned to the place and killed Sherie and his companion. He then sought the home of his divorced wife and told her what he had done. With his consent she sent for one Garberson, a minister of the gospel, and to him defendant likewise detailed the crime. These two then induced defendant to surrender and repeat his confession to the officers. It was taken down, transcribed, signed by defendant, and attested by four witnesses. On the trial, over objection, this document, Exhibit H, was put in evidence by the people. Over objection also the court gave instruction No. 12 authorizing the death penalty. Thus arise the two questions which alone require consideration here.

1. It is said that defendant was intoxicated when Exhibit H was taken and signed, and that he was not warned; hence the confession was not voluntary. The court heard conflicting evidence on this subject, in the absence of the jury, and held the confession voluntary. There is no evidence to support the claim of defendant's incapacity by reason of intoxication. The question was primarily one for the court. *Fincher v. People*, 26 Colo. 169, 173, 56 Pac. 902. In the absence of a clear abuse of discretion that ruling will not be interfered with. No such abuse appears.

2. In a case of first degree murder the jury is required to fix the penalty at life imprisonment or death, but section 6665, C. L. 1921, provides that no person shall "suffer the death penalty who shall have been convicted on circumstantial evidence alone." Aside from these confessions, this conviction rests upon such evidence, and we have heretofore held evidence of an oral confession to be circumstantial evidence. *Damas v. People*, 62 Colo. 418, 163 Pac. 289, L. R. A. 1917D, 591. Hence it is contended instruction No. 12 was erroneous.

Assuming the correctness of the Damas decision we must of course reverse this judgment if it conflicts therewith. First directing our inquiry, therefore, to the existence of a distinction between the two, and adopting for that purpose the reasoning of the Damas Case, we not only

find a distinction, but one which that very reasoning stamps as controlling. An oral confession is an intangible thing. Strictly speaking only evidence of it, not the confession itself, can go to the jury. What it was must be determined from that evidence. Not so with a written confession. Here the confession goes to the jury. It is tangible, definite, specific. What it was is determined from the thing itself.

The opinion in the Damas Case, either directly or by approved citations and quotations, rehearses the several imperfections by reason of which evidence of an oral confession is classed as circumstantial rather than direct. They are: The facts of guilt are not stated in documents; they do not come under the cognizance of the senses of the witness testifying; they are only inferred from established circumstances; they are twice removed from such circumstances; the language may have been misunderstood or misconstrued; the inferences may be erroneous; the witness may have testified falsely. Of these the last only has any application to a written confession, but it exists also as to all direct evidence. It is further observed therein that any confession, *once clearly established,* is inherently the strongest, not the weakest, evidence of the facts it details; and the weakness of an oral confession is not in the confession itself, but in the evidence of its existence. In that case the question, clearly stated, was: *Is testimony of a confession* circumstantial evidence? Here the question is: Is a written confession, a duly signed, attested, and proven document, circumstantial evidence? We know of no authority, and can conceive of no reasoning, which justifies an affirmative answer thereto. Exhibit H was established beyond the peradventure of a doubt. Save for the contention that defendant was intoxicated and was not warned, it is undisputed. By this document the person most concerned, he against whose last earthly interest it stands, whose eye saw, whose ear heard, whose hand acted, speaks. If this evidence is not direct, no evidence can be. The strenuous argument that it is extrajudicial is beside

the mark. The question is not: Where was it given? but: How was it given? Did it come from one whose senses took cognizance of the very facts in issue, or from one whose senses only took cognizance of the facts from which those in issue must be deduced? If from the former it is direct evidence, if from the latter it is circumstantial. The conclusion is inevitable; this written confession was direct evidence, and instruction No. 12 was correct.

It is also contended that the trial court ignored the rule in the Damas Case; that the rule of stare decisis is here applicable; and that an affirmance of this judgment would amount to ex post facto judicial legislation. Each of these propositions is disposed of by the foregoing.

Furthermore: In the course of our investigations we have been forced to the conclusion that our position in the Damas Case is untenable. While the question of the character of an oral confession is not argued in the instant case, it is nevertheless involved and, but for Exhibit H would be controlling. For that reason, and because of the duty imposed upon us by section 2, article 6, of the state Constitution, we must decide that question, and in so doing must and do overrule *Damas v. People, supra.* An examination of the authorities cited in the two opinions in that case will disclose that no one of them directly supports the decision of the court, while several are directly opposed to it. These latter, because they involve only instructions on the probative force of circumstantial evidence, are dismissed in the majority opinion as of mere inferential value. We cannot admit the assumption. "Circumstantial evidence," considered from the standpoint of probative force, is identical with "circumstantial evidence" as used in the statute. A careful examination of the foregoing and of the two opinions in the Damas Case will disclose that the whole difficulty is with the facts establishing confessions, not with facts established by confessions; with the weight of evidence, not the character of evidence. Weight is for the jury, character for the court.

The language of the statute is, "who shall have been con-

victed on circumstantial evidence alone." One is not convicted on evidence of the existence of a confession alone, hence whether such evidence is direct or circumstantial is immaterial. One is convicted on a confession which, *once established,* is itself the evidence to be considered. It is then always direct and always convincing because, speaking against interest and free from errors of interpretation or inference, it is the voice of one whose senses took cognizance of the facts of guilt reciting those facts to the jury.

We therefore conclude that confessions, oral as well as written, are direct evidence.

The judgment herein is accordingly affirmed, and it is further ordered that it be executed during the week commencing March 16, 1925.

MR. CHIEF JUSTICE TELLER dissents from that portion of the opinion overruling *Damas v. People.*

## On Application for Rehearing.

MR. JUSTICE BURKE. After the expiration of the time provided by our rules for filing motions for rehearing, amici curiae filed their application for leave to appear herein, and with that application tendered a printed brief and argument entitled, "Suggestions of Amicus Curiae that rehearing be granted and oral argument ordered to be made." Said application was granted, said "Suggestions" ordered filed, and oral argument was had. The cause has thus been fully and most ably presented and this has in fact been, in all but name, a full rehearing.

We welcomed the appearance and argument of amici curiae. It speaks well for the profession when learned and distinguished members of it are diligent to see that no new and important propositions of law be determined by the courts of last resort without the fullest presentation and the most careful consideration, and are willing, without fee or reward, to give us the benefit of their talents and industry in cases of grave consequence. We cherish the

hope that the day is not far distant in Colorado when such services will be as freely tendered where they inure to the benefit of the people and the support of their laws and institutions as where they inure to the benefit of the violators thereof.

The propositions most strongly urged are: 1. That our present construction of the statute is contrary to our construction in the Damas Case and is ex' post facto legislation. This point is fully answered in our opinion and has, moreover, been disposed of by the highest authority. *Ross v. Oregon,* 227 U. S. 150, 160, 33 Sup. Ct. 220, 57 L. Ed. 458, Ann. Cas. 1914C, 224; *Frank v. Mangum,* 237 U. S. 309, 343, 35 Sup. Ct. 582, 59 L. Ed. 969.

2. That the correct construction of the statute is in doubt and that doubt must be resolved in favor of defendant. Our answer thereto is that we have no doubt as to that construction.

3. That, though a majority of the Justices are confident as to the correct .construction, the dissent of others necessarily raises such a doubt. If the argument were sound, no statute could ever be held unconstitutional save by a unanimous court. All authority is to the contrary.

Amicus curiae has ·said that the fate of this particular defendant, momentous as it is, shrinks into insignificance in comparison with the principles here involved. Admitting the truth of that statement, and having, as we believe, correctly determined these principles, a parting glance at their application to the case here under consideration is not inappropriate.

No man could wish to be instrumental in the death of a fellow creature. Gladly would we escape the responsibility did not the most solemn obligations forbid. We are the servants of the law, not her masters. Certain it is that the lawmakers of this state intended the infliction of the death penalty in some cases, and equally certain that the cases intended were those of most wanton and brutal murder devoid of extenuating circumstances and established by indubitable evidence. Let those who read this record in

the future make no mistake, either as to the defendant in whose behalf these purely technical propositions are urged, or the crime whose punishment it is thereby sought to mitigate. By the grossest violation of his marital obligations he drove a loyal wife to divorce him; he debauched the wife of a friend and the mother of a family and took her to a place of defilement; enraged at another who had temporarily dispossessed him, he left the place, took the woman's clothes and concealed them to make sure his victim would not escape, armed himself and returning killed both in cold blood. Not the slightest question as to the commission of the crime, the enormity of the details, the identity of the perpetrator, the truth of his confession, or the fact that it was made, has ever been raised. Such is the offender, such the offense, and such the proof with respect to which it is now said in substance: "You held such a crime so proven was established by circumstantial evidence; theoretically relying upon that case, of which it is not claimed this defendant in fact ever heard, he committed this murder and made this confession. If that holding were in truth erroneous you can not now alter it and decide this cause correctly for you would thereby violate this man's trust and do him a shocking injustice." The argument does not appeal to us, either from the standpoint of law or morals.

The rehearing is denied.

MR. CHIEF JUSTICE TELLER withdraws his opinion heretofore filed herein and his concurrence in the affirmance and MR. JUSTICE ALLEN withdraws his concurrence in the opinion of the court. Both now dissent from the former opinion and from this opinion on application for rehearing, because each now is convinced every confession is circumstantial evidence and no conviction based thereon will support the death penalty under the statute.