## STATE, Respondent, v. LOUIS C. LARSEN, Appellant.

[256 Pac. 107.]

CRIMINAL LAW—RAPE—CONVICTION ON UNCORROBORATED TESTIMONY—ERRONEOUS INSTRUCTION.

Instruction in prosecution for rape, that conviction could be had on uncorroborated evidence of prosecutrix, unless evidence was of contradictory nature or chastity or reputation for truthfulness impeached, *held* erroneous.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robt. M. Terrell, Judge.

Conviction of statutory rape. *Reversed and remanded.*

W. B. Yates, for Appellant.

A judgment of conviction of rape cannot be sustained in any event unless the circumstances surrounding the commission of the offense are clearly corroborative of her statements. (*State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Anderson,* 6 Ida. 706, 59 Pac. 180; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *State v. Clark,* 27 Ida. 48, 146 Pac. 1107; *State* v. *Andrus,* 29 Ida. 11, 156 Pac. 421; *Morris v. State,* 9 Okl. Cr. 241, 131 Pac. 731; *Allen v. State,* 10 Okl. Cr. 55, 134 Pac. 91; *State v. Hobson* (Mo.), 177 S. W. 374; *Ex parte Ledington,* 18 Okl. Cr. 53, 192 Pac. 595; *State v. Short,* 39 Ida. 446, 228 Pac. 274; *State v. Bowker,* 40 Ida. 74, 231 Pac. 706.)

Frank L. Stephan, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

In a prosecution for statutory rape, where it is shown that the accused kept company with the prosecutrix, that

Publisher's Note.

See Rape, 33 Cyc., p. 1512, n. 64.

they were frequently together under circumstances that offered him an opportunity to violate her person, that she became pregnant during such time and subsequently gave birth to a child whose paternity she charges to the accused, such facts and circumstances are sufficiently corroborative of her testimony that he committed the offense charged to sustain a verdict of guilty. (*State v. Mason,* 41 Ida. 506, 239 Pac. 733.)

GIVENS, J.—Appellant was convicted of the crime of statutory rape. Two errors are assigned, the insufficiency of the evidence and the giving of the following instruction:

"You are advised, gentlemen of the jury, that in a case of this character, to-wit: where rape is charged, a conviction may be had upon the uncorroborated evidence of the prosecutrix, but if the evidence of the prosecutrix is of a contradictory nature, or her chastity or reputation for truthfulness is impeached, her testimony must be clearly corroborated by surrounding circumstances before a conviction can be had."

The giving of such an instruction was held to be prejudicial error in *State v. Hines,* 43 Idaho, 713, 254 Pac. 217. The writer of this opinion was not in accord with that holding but a majority of the court has spoken so a new trial should be had.

In fairness to the trial court it should be stated that *State v. Hines, supra,* was decided after the case herein was tried.

The judgment is reversed, and since a new trial is granted we will not comment upon the weight of sufficiency of the evidence.

Taylor and T. Bailey Lee, JJ., concur.