## No. 11,911.

### Amis *v*. The People.

Decided February 20, 1928. Rehearing denied April 2, 1928.

Plaintiff in error was convicted of rape.

## *Affirmed.*

1. Venue—*Change—Court Discretion.* It is the general rule that decisions of trial courts upon applications for change of venue are largely within their discretion. In the instant case there was no showing to take the application out of the general rule, and no prejudice to the defendant in denying the change.

2. Appeal and Error—*No Objection or Exception.* Where there is no objection or exception to a ruling of the trial court, the complaining party is not entitled to a review of the ruling.

3. Criminal Law—*Jury—Separation.* Where no prejudice results to a defendant from a ruling denying his request that the jurors in a criminal trial be kept together, such ruling constitutes no ground for a reversal.

4. *Jury—Misconduct.* In the trial of a criminal case where defendant alleged misconduct on the part of the jury, it was not reversible error to deny his request for a drag-net examination of the members, prompted by mere hearsay charges.

5. *Sufficiency of Evidence.* The contention of defendant in a prosecution for rape that the evidence was insufficient to support a verdict of guilty, overruled, the story of the prosecuting witness being plausible and corroborated by surrounding facts and circumstances.

6. *Rape—Prosecuting Witness—Corroboration.* No hard and fast rule can be laid down on the subject of corroboration. Each case must depend largely upon its own facts and surrounding circumstances.

*Error to the District Court of Bent County, Hon. A. C. McChesney, Judge.*

Messrs. Hillyer & Hillyer, Mr. Henry E. Lutz, Mr. Harry S. Silverstein, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF in error, Amis, was convicted of the rape of an unmarried girl sixteen years of age and was sentenced by the court to confinement in the penitentiary. He brings error and relies for reversal upon the following assignments: (1) The court erred in denying the defendant's first and supplemental motions for a change of venue; (2) the jury should have been kept together and not allowed to separate during the trial; (3) the defendant, being entitled by the Constitution and laws of the state to a trial by a fair and impartial jury, did not have the same; (4) insufficiency of the evidence. We shall take up these assignments in the above order.

1. The information against the defendant was filed December 20, 1926, at the regular November term of court for that year. The defendant's petition for a change of venue was not filed until the April term, on April 8, 1927. The petition for the change was supported by seven affidavits, one of which was by the defendant's attorney. They were substantially the same. The state filed seven counter-affidavits, which also were practically identical. The people's affidavits squarely contradicted not only the alleged facts set forth in the seven affidavits in behalf of the defendant, but also the inferences therefrom, as to the belief of the affiants that a fair and impartial jury could not be had in the county. On April 28, 1927, the case was finally set for trial and on that date the defendant presented his supplemental petition for a change of venue and the two applications, resting on substantially the same grounds, were presented and deter-

mined at the same time. The supplemental affidavits, pro and con, relate to certain money transactions between the defendant and the husband of the prosecuting witness— such witness having been married after the alleged offense—and misconduct on the part of his counsel, and as to the defendant's illness. To the three affidavits supporting the supplemental petition, the state offered five counter-affidavits. It thus appears that the affidavits which were offered by the defendant in support of his petition were expressly contradicted in all particulars by at least an equal number of affidavits by citizens of the county in behalf of the people. Under the general rule decisions by trial courts upon applications of this character are largely within their discretion. There is no showing in behalf of the defendant in the various applications of any facts or circumstances that takes this case out of that rule. The trial judge in passing upon the application, realizing the necessity for a fair and impartial trial, remarked, in substance, that he would see to it, in the impanelling of the jury—and we think he succeeded in doing so—that the defendant should get what he was entitled to—a body of men who could and would try him fairly and impartially and decide the case upon the evidence produced. We cannot say that prejudice was committed in this ruling of the court denying a change of venue.

2. Defendant requested the trial court to keep the jurors together. The trial court denied the request and gave as a reason the fact that no convenient place in the county seat could be secured where the jury could be kept over night. There was no objection to this ruling, and the defendant did not save an exception thereto. Strictly, therefore, he is not entitled to a review upon this assignment. Though this is a sufficient, there is a better, reason for sustaining the ruling because there has been, as we think, no showing of prejudice resulting to the defendant as the result of the separation of the jury. *Elkin v. People,* 5 Colo. 508; *Chesnut v. People,* 21

Colo. 512, 42 Pac. 656. Mere separation of a jury per se constitutes no ground for reversal.

3. In his motion for a new trial the defendant says that he did not have a fair and impartial trial by the jury because of its misconduct. The misconduct alleged is that after the case was submitted to the jury and before they had reached a verdict, and while the jury was then divided on the question of the guilt or innocence of the defendant, certain members of the jury were communicated with by unauthorized outside persons, who, prior to the agreement of the jurors and immediately after they had been given a midnight supper or lunch by the bailiff in charge, and while some of them were standing on the sidewalk in front of the restaurant where they had taken refreshments, the night marshal of Las Animas talked to several members of the jury, out of the hearing of the bailiff in charge, and afterwards when the jury reconvened two of its members told other members of the jury of certain alleged facts which had not been testified to in evidence, and that such marshal made other improper and like statements to these jurors which contributed, or might have contributed, to the verdict of guilty. The jurors to whom improper communications are alleged to have been made, refused to sign affidavits thereof and defendant's counsel asked the trial court to call them before him to give oral testimony, which the court refused to do.

We have not set forth all of the alleged improper statements but they are of the same general character as those above stated. In counter-affidavits by the bailiff and by the night marshal, each and all of them are specifically denied. Thus there was presented before the trial court a question of fact for its determination. The trial court said that the alleged misconduct was not established by the proof. As defendant's verified assertions rest solely on hearsay, and are categorically denied, it was not reversible error for the trial court to deny his request for a dragnet examination prompted by merely

hearsay charges of misconduct. Even though there be exceptions to the general rule that jurors may not be permitted to impeach their verdict, the case before us does not come within any such exception. The trial court having, upon conflicting testimony before it, determined that the alleged misconduct was not established, we should not be expected to pass upon merely a supposititious case which might possibly, under a state of facts entirely different from those in the present case, come within any recognized exception to the general rule. Unless, therefore, the people's case fails for insufficient evidence, we cannot disturb the finding of the jury or the sentence pronounced thereon, and this assignment we proceed to consider.

4. The defendant with **vigor and plausibility** contends that the verdict is not sustained by the evidence. The jury based its finding largely upon the testimony of the prosecuting witness. The defendant denied all of her testimony that in any way connected him with the alleged crime. A woman called by the people to testify, apparently because it was supposed she would give testimony favorable to the state, testified directly to the contrary. Much stress is laid upon this adverse testimony by the defendant in the briefs which have been filed here. We cannot, however, say that the record is entirely barren of corroboration of the prosecuting witness. Facts and circumstances were presented to the jury which tended to corroborate her. The defendant was ably represented by counsel and the rulings of the court were fair. There is no evidence that the trial judge was in any way prejudiced against the defendant and no such claim is made by his counsel. Indeed, the record clearly discloses that the trial court was astute to protect defendant's substantial rights. In *Jones v. People,* 69 Colo. 500, 195 Pac. 526, we said that there might be a conviction upon the uncorroborated testimony of the prosecuting witness. The court proceeded to say that there was some corroboration in that case in the proof of the surrounding facts, cir-

cumstances and conditions which pointed to the defendant's guilt which should, and doubtless did, have a controlling influence with the jury. The same may be said of the facts and circumstances in the case at bar. The story as told by the prosecuting witness is plausible on its face, though flatly contradicted by the defendant and some of his witnesses. In the circumstances, it was for the jury to find guilt or innocence, and its finding here cannot be set aside. In *McQueary v. People,* 48 Colo. 214, 110 Pac. 210, 21 Ann. Cas. 560, we said that no hard and fast rule can be laid down on the subject of corroboration and that each case must depend largely upon its own merits and surrounding circumstances. Defendant's counsel, recognizing this rule, contends that the trial court itself at the close of all the testimony believed that a case had not been made out and in view thereof this court should set aside this verdict. Counsel is not altogether accurate in the statement of what the court said. In denying the motion for a new trial, the court, in referring to defendant's claim of lack of evidence, said that its first impression was that possibly the testimony was insufficient on which to base a verdict. The court had the entire testimony transcribed, and had read the same before passing upon defendant's motion for a new trial. He said that after reading the testimony of the people and of the defendant he could reach no other conclusion than that the testimony is sufficient on which to base a verdict. He also observed that a jury is somewhat influenced by the demeanor of the parties upon the stand and that the case as made was peculiarly one for the jury, and as that body believed the testimony of the prosecuting witness and disbelieved the defendant and his witnesses, he denied the motion for a new trial.

For the foregoing reasons, the judgment must be, and it is, affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.