## STATE, Respondent, v. ALFRED GIBBS, Appellant.

[265 Pac. 24.]

CRIMINAL LAW — RAPE — LACK OF CORROBORATION — WITNESSES — IMPEACHMENT—LEADING QUESTIONS.

1. Leading questions to a child witness are within trial court's discretion, and, in absence of abuse of such discretion, rulings thereon will not be disturbed.

2. In prosecution for statutory rape, where subject of intent as to included offenses, or what included offenses could be considered, as covered by instructions given, refusal of requested instructions thereon was not error.

3. In prosecution for statutory rape, refusal of defendant's instructions commenting on weight of evidence was proper.

4. Before witness' testimony can be impeached by showing prior contradictory statements, warning question must be asked, giving witness opportunity to explain or deny.

5. In prosecution for statutory rape, where state's objection to question asked prosecutrix whether she told defendant's father that defendant had given her a dime for putting dishes on the table, to impeach her previous testimony, was sustained; the error, if any, and if prejudicial, was prejudicial to the state rather than to defendant.

6. In prosecution for statutory rape, instruction which obviated the necessity of corroboration of prosecutrix was error.

APPEAL from the District Court of the Fifth Judicial District, for Oneida County. Hon. O. R. Baum, Judge.

Publisher's Note.

1. See 22 R. C. L. 1229; 28 R. C. L. 590.
4. See 28 R. C. L. 636.
6. Necessity and sufficiency of corroboration of prosecutrix in rape, see notes in 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660. See, also, 22 R. C. L. 1222.

Criminal Law, 16 C. J., sec. 2309, p. 940, n. 46; sec. 2506, p. 1063, n. 85; 17 C. J., sec. 3584, p. 245, n. 70; sec. 3727, p. 359, n. 59.
Rape, 33 Cyc., p. 1512, n. 63.
Witnesses, 40 Cyc., p. 2719, n. 18.

Conviction on a charge of statutory rape. *Reversed and remanded.*

Ralph H. Jones and Jno. W. Clark, for Appellant.

Instruction in prosecution for rape authorizing conviction on the prosecutrix's testimony without corroboration whether her testimony is contradictory or not is erroneous and prejudicial error. (*State v. Hines,* 43 Ida. 713, 254 Pac. 217; *State v. Larsen,* 44 Ida. 270, 256 Pac. 107.)

Judgment of conviction of rape, based on the testimony of prosecutrix, cannot be sustained in any event unless circumstances surrounding commission of offense are clearly corroborative of her statements. (*State v. Hines,* 43 Ida. 713, 254 Pac. 217.)

The uncorroborated testimony of the prosecutrix in a rape case is insufficient to sustain a conviction, where it is contradictory and defendant's denial is corroborated. (*State v. Trego,* 25 Ida. 625, 138 Pac. 1124.)

It is error to ask leading questions on material matters when there is no necessity or propriety for the same. (*Hardtke v. State,* 67 Wis. 552, 30 N. W. 723; *Coon v. People,* 99 Ill. 368, 39 Am. Rep. 28.)

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant, for Respondent.

It is discretionary with the trial court whether or not leading questions may be propounded. (C. S., sec. 8032; 1 Wigmore on Evidence, sec. 770; *McLean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478; *State v. Simes,* 12 Ida. 310, 9 Ann. Cas. 1216, 85 Pac. 914.)

It is not an abuse of discretion to permit leading questions to be propounded to a child witness. (*People v. Hinrich,* 53 Cal. App. 186, 199 Pac. 1058; *People v. Garbutt,* 197 Cal. 200, 239 Pac. 1080.)

It is not error to instruct that the prosecutrix in a rape case need not be corroborated unless contradicted on material points. (*State v. Anderson,* 6 Ida. 706, 59 Pac. 180;

*State v. Baker,* 6 Ida. 496, 56 Pac. 81; *State v. Trego,* 25 Ida. 625, 138 Pac. 1124; *State v. Clark,* 27 Ida. 48, 146 Pac. 1107; *State v. Andrus,* 29 Ida. 1, 156 Pac. 421; *State v. Pettit,* 33 Ida. 326, 193 Pac. 1015.)

In rape cases a conviction may be had upon the uncorroborated testimony of the prosecutrix. (Authorities above cited.)

GIVENS, J.—Defendant appeals from a conviction for statutory rape.

In view of the disposition of this case, the question of the sufficiency of the evidence as to penetration will not be discussed.

[1] Leading questions to a child are within the discretion of the trial court (*People v. Hinrich,* 53 Cal. App. 186, 199 Pac. 1058), and in the absence of the abuse of such discretion, rulings made thereon will not be disturbed. (*McClean v. City of Lewiston,* 8 Ida. 472, 69 Pac. 478.)

[2] The subject of "intent" as to included offenses or what included offenses could properly be considered by the jury was fully covered by the instructions considered together. Therefore, there was no error in refusing defendant's requested instructions, numbers four and five.

[3] Defendant's requested instructions, numbers one, two and three, commented on the weight of the evidence and were therefore properly refused.

Error is assigned because the court sustained an objection to the following question asked of the prosecutrix on cross-examination:

"Isn't it a fact that you told him (Mr. Gibbs) that Alfred (the defendant) gave you a dime for preparing dinner, putting the dishes on the table?"

[4, 5] The whole tenor of the previous testimony of the witness had been to the effect that her activity in the house had not been confined to anything so innocuous as setting the table. By the great weight of authority, before the testimony of a witness can be impeached by showing prior contradictory statements, a "warning question" must be

asked, giving the witness a chance to explain or deny the prior contradictory statements. (Jones on Evidence, 2d ed., p. 4734, sec. 2402.) The warning question is clearly for the protection of the witness whose testimony is to be impeached. For some reason, the prosecuting attorney objected to this question put to his own witness and the court sustained him. The ruling of the court was probably erroneous but if any prejudice resulted, it prejudiced the state and not the defendant. Later Mr. Gibbs (defendant's father) testified that the prosecutrix had told him that Alfred had given her a dime for setting the table. This raised a square conflict in the testimony as to the nature of the prosecutrix's errand in the Gibbs house. If she had been allowed to answer the question to which the state objected, a satisfactory explanation of her apparently conflicting statements might have been forthcoming.

[6] An instruction like the one given, obviating the necessity of corroboration of the prosecutrix, has been held erroneous in *State v. Hines*, 43 Ida. 713, 254 Pac. 217, and *State v. Larsen*, 44 Ida. 270, 256 Pac. 107.

The judgment of the court is reversed and the cause remanded for a new trial.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.

Budge, J., dissents.