[Crim. No. 1623. Second Appellate District, Division One.—May 2, 1928.]

THE PEOPLE, Respondent, v. TOM PYLER, Appellant.

Tom Pyler, *in Pro Per.*, for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HOUSER, J.—The appeal herein is prosecuted by defendant personally from a judgment of conviction of the crime of assault by means and force likely to produce great bodily harm. Many different points for reversal of the judgment are advanced by appellant; but no authorities are cited in support of any or either of his several contentions. Grave charges against nearly every one who in anywise was connected with the trial in the lower court, together with intemperate, disrespectful language, are freely interspersed throughout appellant's brief. Were it not for the consideration which this court is constrained to give to a defendant who, on appeal from a judgment of conviction of the commission of a criminal offense, is without legal counsel, resort to steps which might involve unpleasant consequences to the author of such a "brief" would clearly be indicated. In the circumstances here present the lack of regularity in arrangement and conformity with established rules in the presentation of a brief will be overlooked and due consideration will be given to the substance of the appeal.

In effect, appellant's first specification of error is that the verdict of the jury was contrary to and without support of the evidence. An examination of the record on

appeal discloses the fact that each of several witnesses clearly and positively testified to facts from which the jury was fully justified in reaching the verdict of which complaint is made. That in their testimony other witnesses may have differed from the testimony of the witnesses introduced by the prosecution affords no legal reason to an appellate court for a reversal of the judgment.

It is next urged by appellant that the trial court erred in refusing to permit defendant to dismiss his attorney in the course of the trial. The transcript on appeal fails to show that any such request was made by defendant until after the verdict had been returned by the jury—at which time the request was granted. However, by affidavit, each of two persons deposed to the legal conclusion, only, that on the day on which the trial occurred she "did hear and see Tom Pyler try to dismiss his attorney and the judge would not give him a hearing." No counter-affidavit respecting such alleged incident was filed. But when it is considered that the record is presumed to speak the truth, and that on an occasion subsequent to the rendition of the verdict, when the question of the correctness of the reporter's transcript of the proceedings in that connection was raised, the judge of the trial court stated that at the time in question defendant made no audible request that his attorney be dismissed, it must be concluded that if such request was ever made by defendant it was done in such a low voice that neither the judge nor the stenographic reporter heard it. Moreover, even if it be assumed that defendant ineffectually endeavored to dismiss his attorney during the course of the trial, his only complaint with reference to the matter is that because he was not permitted thereafter to conduct his own defense he was prevented from introducing testimony which would have been given in his behalf by certain witnesses. The record contains no affidavit, even by the defendant, as to what testimony would have been given by any or all of such witnesses had they or any of them testified on the trial of the action. With reference thereto, the most that may be gathered from scattered statements contained in defendant's brief relates to immaterial matters, which, on objection thereto, properly would not have been admitted in evidence. On appeal from a judgment, in order that alleged error committed on the trial of an action may be made available to

an appellant, it must affirmatively appear that such error was substantial, that it prejudicially affected the rights of the appellant, and that it resulted in a miscarriage of justice. Nothing contained in the record in this case indicates that the alleged error of which appellant complains brings it within such rule.

Inferentially only, it appears from the transcript of the proceedings that the verdict of guilty as originally returned by the jury contained a recommendation to the judge of the trial court to the effect that defendant be given a light sentence; that the judge declined to accept the verdict in such form and required the jury to separate its verdict proper from any recommendation of leniency to defendant in the matter of sentence or judgment which might thereafter be pronounced. While appellant criticises the action of the trial court in the premises, it is impossible to perceive how or in what manner any prejudice to defendant's substantial rights could have resulted therefrom. No claim is made by appellant that any difference in the degree of the offense committed by defendant existed as between the original and the final verdict of the jury. Nor is authority cited by appellant which in a case of the kind before the court authorizes the jury to make a recommendation of any kind; or, in case a recommendation be made, which enjoins upon the judge of the trial court the duty of even considering the suggestion made by the jury, much less in any way that the judge be bound by it. In other words, it may be said that the action of the jury in the premises was a "pure gratuity," entirely outside its functions and which, if attempted by a private person, undoubtedly would have been resented by the trial court as an affront to its dignity and resulted in serious consequences to the individual who had the temerity to attempt to unlawfully interfere with or to influence the judgment of the court. But aside from such considerations, it may be noted that the judge of the trial court in no way prevented or attempted to prevent the jury from presenting its suggestion or recommendation with reference to the sentence or judgment thereafter to be pronounced. In fact, it inferentially appears from the record that the verdict as originally returned by the jury, without being officially filed with the clerk of the court, nevertheless was retained by him and presumably

was placed among the records in the action. At any rate, it is clear that the judge was fully aware of the substance and effect of the recommendation which the jury desired to make regarding the sentence which should be imposed upon defendant. The final determination of the matter rested solely with the judge of the trial court. If, in opposition to the recommendation made by the jury, he chose to follow his own judgment, the point is not available to the defendant.

Misconduct on the part of the deputy district attorney in charge of the prosecution is relied upon by appellant as a sufficient reason for a reversal of the judgment. In the course of the trial, the fact developed that prior to the time of the commission of the assault of which defendant was convicted he had been incarcerated in the county jail. In addressing the jury the deputy district attorney in charge of the prosecution stated that "the reason Tom Pyler served in jail was because he failed to support his child." On objection being made to such remark by counsel representing defendant, the jury was instructed by the court that "The jury will disregard all remarks by counsel which are not supported by the evidence. As I have heretofore informed you, the statement of counsel is not to be regarded as evidence of any fact." It is clear that the statement made by the deputy district attorney was entirely uncalled for and that it had no place in legitimate argument in the action on trial. The deputy district attorney was not a witness on the trial of the action and in argument had no right to presume to inform the jury as to any matter of fact, especially as to one which had no relevancy to the question of defendant's guilt of the offense of which he was charged. That such a statement ordinarily would have a tendency to prejudice the jury against the defendant is manifest. While presumably the instruction by the court given to the jury in connection therewith may have had some effect in the way of eradicating such statement from the minds of the members of the jury, it is entirely possible that such instruction was of no avail. However, the evidence in the case amounted to a practical demonstration of defendant's guilt; and "after an examination of the entire cause, including the evidence," this court is of the opinion that the error of which complaint is made did not result "in a miscarriage of justice." (Sec. 4½, art. VI, Const.)

Various other points are suggested by appellant as affording reasons for a reversal of the judgment—none of which appears to be seriously argued. Consideration of each of such points fails to convince this court of its merit, or that it is of that importance which would justify discussion.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1928.

All the Justices present concurred.