(No. 5294.   June 26, 1929.)

STATE, Respondent, v. ELERY THOMAS, Appellant.

[278 Pac. 773.]

S. T. Lowe, for Appellant.

W. D. Gillis, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

GIVENS, J.—Appellant appeals from a conviction of assault with intent to commit rape on a girl under the age of eighteen years. The criminal complaint before the magistrate charged assault with intent to commit rape by force. The defendant was held ·to answer for the crime of assault with intent to commit rape. An information was filed charging assault with intent to commit rape by force, and assault with intent to commit rape on a female under the age of eighteen years.

A motion to elect was made and the state elected to stand on the latter charge. Defendant objects to the jurisdiction of the trial court because the information charged a crime different from that alleged in the complaint. Such a motion was made after a plea of not guilty, and no demurrer or motion to quash had theretofore been made on such ground.

After a preliminary examination the criminal complaint has served its function. The information depends on a valid commitment. An information based on a valid commitment, stating a public offense, is sufficient in the absence of any showing and timely objection that a preliminary examination had not been had on that charge. (*State v. Jester,* 46 Ida. 561, 270 Pac. 417.)

The defendant contends that the information did not state a public offense because it did not allege a present ability to commit the act. An information charging assault with intent to commit rape on a female under the age of eighteen need not charge force and violence. The information was substantially in the language of the statute and was sufficient. (*State* v. *Garney,* 45 Ida. 768, 265 Pac. 669; 33 Cyc. 1449.)

The testimony of defendant consisted chiefly of denials of any misconduct on his part toward the prosecutrix. The story of the prosecutrix was, substantially, that after driving to a dance at Heyburn with the defendant and another young man, the trio drove around various country roads in the vicinity of Heyburn and Rupert; that during the time the car was being driven by the other man and at times when the car was stationary and prosecutrix was alone with

defendant he made repeated assaults on the prosecutrix, tearing her coat, dress and bloomers, and taking the utmost indecent liberties with her person, actively attempting with his clothes unbuttoned to commit the act of rape upon the prosecutrix, she struggling and resisting and attempting to get away from the defendant, finally succeeding and reaching a farmhouse in a highly nervous condition with her clothes in great disarray.

Her testimony as to her condition upon arriving at the farmhouse was corroborated by the farmer and his wife, to whose house she thus came at about 4 o'clock in the morning.

As to being alone with defendant, she is corroborated by the other man.

■ Defendant assigns as error questions relating to the condition of the prosecutrix's bloomers which were exhibited in the presence of the jury while the state was trying to have them admitted in evidence. The bloomers were not admitted and the mere fact that they were in such a position that the jury could see them was not prejudicial. (*State v. Jester, supra.*)

■ Certain questions asked of the prosecutrix, and her answers, with regard to the doings of the other young man during their peregrinations are assigned as error. These statements with reference to the acts of the other are so close in point of time and so much a part of a continuing transaction that their admission was not prejudicial. (*State v. Alvord, ante,* p. 162, 272 Pac. 1010; *State v. Dowell, ante,* p. 457, 276 Pac. 39.)

Defendant assigns as error certain rulings of the trial court on the admission and exclusion of evidence. It would unduly extend the record to enumerate all the instances. Conceding that in some instances the objection should have been sustained, and in others the answers admitted, the questions and answers either referred to collateral issues, or the information was elicited elsewhere.

■ After a careful scrutiny of the record, we are satisfied that no prejudice was committed in view of the large discretion given to the trial court in admitting or rejecting testimony.

There was ample evidence to corroborate the prosecutrix. (*State v. Hines,* 43 Ida. 713, 254 Pac. 217; *State v. Leavitt,* 44 Ida. 739, 260 Pac. 164; *State v. Vail, ante,* p. 354, 275 Pac. 578.)

█ There is evidence that defendant confessed that he tried to have sexual intercourse with the prosecutrix. True, the defendant denied having made this confession. The questions of credibility and defendant's intentions were for the jury.

Defendant assigns as error the refusal to permit the prosecutrix to answer certain questions in connection with the testimony given by her at the preliminary examination. The cross-examination of the prosecutrix was prolonged and extensive and the court permitted full answers on every matter pertinent to the issues.

Counsel urges misconduct on the part of the trial court in certain of its rulings. These are without merit. (*State v. Knutson, ante,* p. 281, 274 Pac. 108.)

Instruction No. 6 was not incorrect. (*State v. Garncy, supra.*)

Instruction No. 8 was not incorrect. (*People v. Pyler,* 91 Cal. App. 516, 267 Pac. 370.)

Instruction No. 10, when read in connection with the other instructions, particularly instructions No. 5 and No. 7, sufficiently advised the jury that the act and the intent must exist at the same time.

Instruction No. 15 was not out of harmony with *State v. Hines, supra,* and *State v. Gibbs,* 45 Ida. 760, 265 Pac. 24.)

█ The corroboration required was of the testimony of the prosecutrix, not of her acts.

Requested instruction No. 3 was argumentative and was properly refused.

█ Requested instruction No. 4 was sufficiently covered by the instructions given.

Requested instruction No. 6 was covered by instruction No. 15 as given.

Requested instruction No. 9 was incorrect.

Requested instruction No. 10 was given.

It is not error to refuse to instruct the jury that the defendant might be guilty of simple assault when there is no evidence that would reduce an assault with an intent to commit rape to a simple assault. Such was the point in *State v. Garney, supra,* as stated in *State v. Alvord, ante,* p. 162, 272 Pac. 1010, at 1015, relying on *State v. Hardisty,* 121 Kan. 576, 249 Pac. 617, where the court said:

"The court must examine the evidence as a whole, and then instruct upon such questions as the evidence naturally, reasonably and probably tends to prove. It cannot properly instruct as to any degree of the offense which the evidence does not tend to prove. *State v. Estep,* 44 Kan. 572, 24 Pac. 986; *State v. Mowry,* 37 Kan. 369, 15 Pac. 282; *State v. Kornstett,* 62 Kan. 221, 61 Pac. 806."

Requested instruction No. 14 was properly refused because the defendant himself contends and the record shows that the other man was not an accomplice in the crime with which defendant was charged. (*State v. Payton,* 45 Ida. 668, 264 Pac. 875.) The prosecutrix, of course, is not an accomplice.

There being no reversible error in the record and the evidence being amply sufficient to sustain the conviction, the judgment is affirmed.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.