No. 20902.

BENJAMIN FELDSTEIN, JR. *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(410 P.2d 188)

Decided January 24, 1966.

SHELDON W. GREENE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

FROM the judgment and sentence imposed upon verdicts of guilty of "aggravated" robbery and conspiracy to commit "aggravated" robbery, Feldstein prosecutes writ of error, seeking reversal on three grounds. He claims that the trial court committed prejudicial errors (1) in overruling his motion to confine the jury during the course of the trial, (2) in failing to grant his "request to have the closing arguments transcribed, which thus presents an incomplete record on review," and (3) in allowing witnesses to testify as to his alleged confession, since it "was not freely and voluntarily given."

Feldstein was identified in a line-up and later at the trial by the employee in charge of the Glendale Pharmacy at the time of the robbery as being the person who, accompanied by another man, entered the premises between 8:30 and 8:45 A.M. on January 4, 1961. This employee further testified that Feldstein's companion, at gunpoint, demanded from him narcotics and money. He described how they left the premises and fled after obtaining both.

At the outset of a trial which ended in a mistrial, Feldstein had moved for an order that the jury be kept together until its conclusion. The motion was denied. The day following the order for mistrial and the discharge of the jury, the court started another trial of the case. No motion for keeping the jury intact at this trial, and no suggestion that the original motion was operative, appear in the record. The trial proceeded to conclusion without any intimation coming from Feldstein that the jury should be isolated during the proceeding. Proper cautionary instructions were given at the re-

cesses and adjournments without Feldstein protesting the separation of jurors.

The failure to keep the jury together is raised for the first time in Feldstein's motion for new trial. Nowhere in the motion is there a showing that such failure prejudiced Feldstein in any manner or to any degree other than the charge that a local newspaper was carrying on a campaign at the time against aggravated robberies and other crimes, all of which was said to work detrimentally to Feldstein in securing a fair trial.

In the argument in his brief Feldstein states that he renewed his motion to confine the jury at the second beginning of the trial, and that the record is incomplete in not containing his motion and the action of the trial court denying it. Feldstein made no attempt to have these essential but allegedly omitted parts of the record supplied, pursuant to Rule 112 (a), R.C.P. Colo., as the same applies to criminal cases, Rule 39 (c), Colo. R. Crim. P.

It should be noted that his designation of record contained no mention of such a motion. All "trial orders" were included in his designation, but we assume, absent any showing of an effort to have supplied essential parts of the record which are alleged to have been omitted, that the record bears verity and contains all the trial orders. *People v. Pyler*, 91 Cal. App. 516, 267 Pac. 370; *State v. Groom*, 89 Mont. 447, 300 Pac. 226. Cf. *Hille v. Evans*, 68 Colo. 98, 187 Pac. 315.

 Before we pass to the next ground of asserted error, we observe that, even assuming such motion was made, Feldstein has not shown "prejudice resulting to [him] as the result of the separation of the jury." *Amis v. People*, 83 Colo. 400, 265 Pac. 909. "Mere separation of the jury per se constitutes no ground of reversal." Id. Whether a jury should be permitted to separate in a non-capital felony case rests in the sound discretion of the trial court. There must be a showing by the accused that this discretion was abused in order to war-

rant this court's intervention. *People v. Potts,* 403 Ill. 398, 86 N.E.2d 345; *Commonwealth v. Charland,* 338 Mass. 742, 157 N.E.2d 538. Such showing of prejudice or of abuse is utterly lacking here.

The circumstances giving rise to the second ground of alleged error are simple but unusual. They occurred at the conclusion of all the evidence in the case. Feldstein had moved for a mistrial and the court was in the midst of a hearing on the motion when a request was made on Feldstein's behalf that the closing arguments of counsel be transcribed. The court admonished that it and counsel were in the process of attending to the motion for mistrial and should not be deterred by other matters in disposing of the motion.

It is obvious from the record that court and counsel thereafter completely forgot about the request concerning the transcription of oral arguments to the jury. Significantly, the only time Feldstein objected to a remark in the argument for the People, the court sustained his objection. In his motion for new trial, Feldstein failed to preserve the question by pointing out that he had requested transcription of the oral argument without avail.

 There are three answers to Feldstein's assertion that prejudicial error exists by reason of the failure to have oral arguments transcribed. First, it is incumbent on the moving party to see to it that the court rules on the matter he urges. The trial court should be afforded the opportunity to so rule; otherwise, the matter will ordinarily not be considered on writ of error. *State v. Bricker,* 135 Iowa 343, 112 N.W. 645. See *Frady v. People,* 96 Colo. 43, 40 P.2d 606, 96 A.L.R. 1052.

 Our rules of criminal procedure present the second obstacle to Feldstein's position. Rule 33, Colo. R. Crim. P., requires the filing of a motion for new trial in which points of error must be raised with particularity. Rule 37 (b) ordains that only questions properly raised in a motion for new trial will be considered on

review in this court. The failure to comply with these rules forecloses Feldstein from urging them here.

For a third reason, equally cogent, we point out that the trial court ruled favorably to Feldstein the one time he objected to remarks of counsel for the People. For aught that appears in the record, no further objections were made to his remarks. Under these circumstances, we shall assume that further irregularity did not attend the argument on behalf of the People.

At the trial the People produced three witnesses (two members of the Federal Bureau of Investigation and a detective of the Denver police force) who testified that Feldstein orally confessed to his active participation in the robbery. Each of these witnesses was examined and cross-examined before the trial judge out of the presence of the jury at the request of Feldstein's counsel. Nothing developed from their testimony which would indicate or intimate that the statements of Feldstein were involuntarily made.

Feldstein offered no countervailing evidence. At the conclusion of these preliminary examinations, the trial court found that the statements of Feldstein had been freely and voluntarily given and that they should be received in evidence. No objections to these rulings were voiced by Feldstein. In the general charge to the jury, the trial court gave the standard instruction on extrajudicial statements and confessions.

Whether a confession is "voluntary is primarily a question for the trial court." *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685, 40 A.L.R. 566; *Osborn v. People,* 83 Colo. 4, 262 Pac. 892. Where the trial court as a preliminary matter hears the evidence relating to extrajudicial statements of the accused and withholds those which it finds involuntary, submitting to the jury only those that it finds were voluntarily made, with an instruction allowing the jury nevertheless to reject the submitted statements as involuntarily given if they so judge, the court's procedure adequately protects the

accused's rights under the law of this state, *Mitchell v. People, supra,* and under the federal law, *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed.2d 908.

 By virtue of *Jackson v. Denno, supra,* the trial courts of this state must initially determine the issue of voluntariness of a challenged confession. The traditional procedure allowing the jury finally to pass on voluntariness remains permissible, but only after the court has found at a hearing conducted out of the presence of the jury that factually and legally the confession was voluntary.

 The trial court, in the consideration of the testimony of each of these three witnesses relating to statements of Feldstein made to them, carefully followed the procedure sanctioned in *Jackson v. Denno* in evaluating their voluntariness. Hence their admission, satisfying both state and federal precepts, was proper, and Feldstein's contentions to the contrary are baseless.

We find no prejudicial error. The judgment is, therefore, affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.