**Philip Benjamin BLACKMON, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 72–1763.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1973.

Decided March 12, 1973.

Ishmael C. Childs (Court appointed), Cleveland, Ohio, for defendant-appellant.

Frederick M. Coleman, U. S. Atty., William D. Beyer, Asst. U. S. Atty., Cleveland, Ohio, for plaintiff-appellee.

---

5. Statutes prohibiting the possession of firearms by particular classes of persons have been criticized. National Commission on the Causes & Prevention of Violence, Staff Report, Firearms and Violence in American Life, § 81–25 (undated). This case bears out the difficulties with respect to the definition of classes.

Before WEICK, MILLER and LIVE-LY, Circuit Judges.

LIVELY, Circuit Judge.

On direct appeal from his conviction of armed bank robbery (18 U.S.C. § 2113(a) and (d)) the appellant seeks reversal on a number of grounds, all of which have been considered by this Court. There is no merit to the contention that Section 2113 is unconstitutional. Also, an examination of the entire record convinces us that there was sufficient evidence to support the jury's verdict of guilt. Although there was some discrepancy between two pre-trial statements given by the witness Brooks, nevertheless, he testified concerning the alleged admission made to him by the defendant Blackmon and was cross-examined concerning his prior statements. It was for the jury to determine his credibility and the weight to be given his evidence. The alleged admission of Blackmon to Brooks was corroborated by independent testimony of other witnesses.

■■ Two alleged procedural errors have been brought to our attention by appellant. The case was submitted to the jury late one Friday afternoon and, after several hours of deliberation, court was recessed until the following Monday and the jurors were permitted to separate over the weekend. After returning the jury deliberated for two more days before making its verdict. There was no showing of any outside influence. Absent such a showing, the discretion of the trial judge in deciding whether sequestration is required under the circumstances existing at the time and place of the trial will not be disturbed. United States v. Acuff, 410 F.2d 463 (6th Cir. 1969), cert. denied, 396 U.S. 830, 90 S.Ct. 82, 24 L.Ed.2d 81 (1969).

After the jury had deliberated for more than two days the foreman requested that a map which had been marked for identification as "Government's Exhibit 3" be delivered to the jury. Neither side had offered the map in evidence, but several witnesses had referred to it and had identified the location of their homes and other places in the vicinity of the robbed bank by placing initials and various symbols on the map. It is apparent that the map was displayed in such a way that the jury could see it during the trial and saw the various witnesses make their identifying marks on it. The only objection disclosed by the record occurred when one prosecution witness made two marks in response to a question and the court ruled one of the marks out. When the foreman requested that the map be delivered to the jury, the following colloquy ensued:

THE COURT: Now, may I say this: The map was marked as Government's Exhibit 3. The Government did not offer it in evidence, nor did any of the defendants offer it in evidence; however, in view of the fact that several witnesses made reference to it, and testified in connection with it, if it is the jury's desire to have the map, the Court, on his own motion, will send the map to the jury room, and you of course will understand that the receipt of it under these circumstances should in no sense be inferred by you as having any adverse effect on any of the parties, either on the Government or on any of the defendants, because none of them offered it in evidence. Is that clear?

THE JURY FOREMAN: Yes, sir.

THE COURT: The jury does desire this map, and the Court has located it, and will send it to the jury, and does that answer your question, Mr. Christie?

THE JURY FOREMAN: Yes, sir.

THE COURT: Very well. You could treat it, Mr. Johnson, as a court exhibit, just purely for identification purposes, and give it the next number as a court exhibit, and please so mark it, and give it to the—or take it, rather, to the jury room, in connection

with all the other exhibits and all of the evidence that you have received.

You may proceed back to the jury room.

\* \* \*

Again, there was no objection. However, a short time after receiving the map, the jury returned its verdict. Appellant maintains it was prejudicial error to permit the jury to have during its deliberation an exhibit which had been marked for identification only and never introduced or received as evidence. This case is distinguishable from Sawyer v. United States, 112 U.S.App.D.C. 381, 303 F.2d 392 (1962), cert. denied 371 U.S. 879, 83 S.Ct. 150, 9 L.Ed.2d 116 (1962), where it was held to be error for the trial judge to send to the jury room part of a witness' statement which he had earlier refused to admit in evidence. In the present case there is no reason to believe the introduction of the map in evidence would have been refused, or even objected to, if offered. Neither do we believe that Henry v. United States, 204 F.2d 817 (6th Cir. 1953), requires reversal. There the trial judge permitted large segments of testimony, including a sharp exchange between the judge and one witness, to be played back to the jury after the foreman had reported that the jury was unable to reach a verdict. The defendants in that case objected.

Writing for this Court, Judge John D. Martin stated the rule as follows:

There is no iron-bound, copper-fastened, double-riveted rule against the admission of evidence after both parties have rested upon their proof and even after the jury has entered upon its deliberations. Considerable latitude in discretion is vested in the trial judge in this respect.

\* \* \* \* \* \*

In practice generally, where evidence is permitted to be introduced after the jurors have entered upon their deliberations, the admission is by consent of the parties or in relation to some non-controverted matter essential to a complete record. After the jury has reported its inability to agree upon a verdict, it is, in our opinion, incumbent upon the trial judge to exercise extreme care in reopening the case for the introduction of further testimony or in permitting any evidence to be restated or re-read to the jurors. Unless restraint is exercised by the judge, it may well be that he would permit undue emphasis to be placed upon portions of the testimony, if such portions were called for by the jurors. 204 F.2d at 820–821.

■ The admonition of the trial judge in permitting the jury to have the map shows that he was exercising restraint and extreme care. We have studied the map and, in light of all the circumstances, find that its submission to the jury did not prejudice the rights of the appellant.

The judgment of the District Court is affirmed.