The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Cruz John GONZALES,
Defendant-Appellant.

No. 79CA0548.

Colorado Court of Appeals,
Div. II.

April 23, 1981.

Rehearing Denied May 14, 1981.

Certiorari Denied June 29, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Morgan Rumler, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Gerash & Robinson, P. C., Scott H. Robinson, Denver, for defendant-appellant.

ENOCH, Chief Judge.

This is an appeal by defendant of his conviction of first degree kidnapping, nine counts of first degree sexual assault, and robbery. We affirm.

Defendant first contends that the trial court erred in permitting the in-court identification of defendant as the perpetrator of the crimes because he asserts such identification was tainted by suggestiveness in a prior photographic display in which the victim identified defendant as her assailant. The complaint of suggestiveness is based on an ink-mark, near defendant's photograph, that was on a manila folder used to display the pictures, and is further based on a police officer's comment to the victim to "concentrate on the things that could not be changed, such as eyes, face shape, lips, to keep in mind the fact that hair and facial hair could be changed ...."

■ Here, there is no indication or contention that the ink mark complained of by defendant was made in any way but inadvertently, and we do not find the presence of the mark to be in any way suggestive that defendant's photograph should be selected over any other in the display. Also, the comment by the officer was neutral as to all photographs in the display and did not suggest that any particular photograph should be selected. *See United States v. Magnotti*, 454 F.2d 1140 (2d Cir. 1972). Thus, the factors asserted by defendant were not suggestive, unduly or otherwise, and did not taint the in-court identification.

Furthermore, even if these factors were to be considered suggestive, they are outweighed by factors supporting the reliability of the photo-identification.

In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court wrote:

"[R]eliability is the linchpin in determining the admissibility of identification testimony . . . . The factors to be considered are . . . the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself."

*See also People v. Smith*, Colo., 620 P.2d 232 (1980).

Here, the victim was in close contact with defendant for nearly three hours, including face-to-face contact during at least one of the sexual assaults against her. There was lighting in the parking lot where she was accosted, lights in the park where one of the assaults occurred, and headlights and street lights illuminated the vehicle during some of the time that defendant drove her in an automobile. The victim was not a casual observer, but rather "the victim of one of the most personally humiliating of all crimes." *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The victim was able to describe to the police her assailant's approximate age, height, weight, hair color, and that he was an Hispanic man with a thin moustache. Further, she was shown the photographs within four days after the occurrence of the crime. These factors of reliability, weighed against any arguable suggestiveness in the display, support the reliability of the photo-identification and remove any taint in the in-court identification. These same factors also give adequate independent basis to support the in-court identification. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *People v. Smith, supra.*

■ We find no merit in defendant's contention that the trial court erred in not permitting him to exercise 15 peremptory challenges and in refusing his request for sequestration of the jury. The death penalty is not available in first degree kidnapping when the victim is liberated alive prior to the conviction of the kidnapper. Section 18–3–301(2), C.R.S.1973 (1978 Repl.Vol. 8); *People v. Hines*, 194 Colo. 284, 572 P.2d 467 (1977). Accordingly, the defense was entitled to only 10 peremptory challenges. Section 16–10–104, C.R.S.1973 (1978 Repl.Vol. 8).

■ Defendant was also not entitled to mandatory sequestration of the jury. In non-capital cases, sequestration of the jury is at the trial court's discretion for good cause. Crim.P. 24(f). *See also People v. Maestas*, 187 Colo. 107, 528 P.2d 916 (1974). Here, there being no capital offense charged and the defendant having shown no abuse of discretion, we find no error in the trial court's refusal of sequestration.

Judgment affirmed.

SMITH and TURSI, JJ., concur.