**UNITED STATES of America,**
**Appellee,**

v.

**John Charles ABBATE, Appellant.**

**No. 295, Docket 71-1757.**

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1971.

Decided Nov. 24, 1971.

---

Robert Hermann, The Legal Aid Society, New York City, for appellant.

Raymond J. Dearie, Asst. U. S. Atty., Robert A. Morse, U. S. Atty. E. D. N. Y., for appellee; David G. Trager, Asst. U. S. Atty., of counsel.

Before KAUFMAN and MANSFIELD, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph C. Zavatt, J.) entered June 25, 1971 after a jury trial, which judgment convicted appellant of two counts of bank robbery. We affirm.

Appellant does not challenge the sufficiency of the evidence against him but argues that eyewitnesses' testimony concerning pretrial photographic identifications should have been excluded by the District Court since they were procured by impermissibly suggestive techniques. Appellant also asserts that the District Court erroneously denied his application for a daily copy of the trial transcript.[1]

The problems arising out of photographic identification procedures are governed by Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1967), which instructed "that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification

---

* United States District Judge for the Southern District of New York, sitting by designation.

1. Appellant, prior to oral argument, addressed a letter to his counsel, asserting four grounds for appeal which were not argued in appellant's brief. We have treated this letter as a supplemental *pro se* brief and find all contentions to be without merit.

procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Although the identification procedure here in issue was suggestive— FBI agents, knowing that defendant had been described as having a pock-marked face, did not include photographs of persons with pock-marked faces, other than the defendant, in the group of thirteen photographs shown to three eyewitnesses—we cannot agree that Judge Zavatt committed error in admitting the testimony of these eyewitnesses. All identifications were positive, and one witness remembered the appearance of the defendant so distinctly that she could identify that his hair style in the picture was different from his hair style at the time of the robbery. Moreover, in view of the two confessions of Abbate introduced at trial and the testimony of accomplices, it is clear to us that Abbate's conviction was not based upon the eyewitness identifications.

■ Appellant's second claim is that the District Court erred in denying his application for a daily copy of the trial transcript. This motion was made only after the government had indicated that it intended to order a daily transcript. We agree with appellant that there is no compelling reason why only the government should have the advantage of daily transcript, particularly when the cost of an extra copy is nominal.[2] We consider it better practice in cases where the government is to receive a copy of the daily transcript, for the District Judge, upon motion by the defendant, to direct that the defendant should also receive a copy.

We cannot agree, however, that the failure of Judge Zavatt to grant appellant's request is reversible error. Appellant was not denied "access to the instruments needed to vindicate legal

rights." Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 196, 19 L.Ed.2d 41 (1967). In view of the comparatively short trial and brief record of testimony, we believe the appellant was not prejudiced in the preparation or conduct of his defense.

Affirmed.

---

2. See United States v. Pope, 251 F.Supp. 234, 240 (D.Neb.1966), where the court stated:

"* * * [W]henever counsel for the United States orders a copy of any part of the trial proceedings, counsel for a defendant financially unable to obtain

such services would be entitled, upon making application, to have a copy of the items furnished to the United States, at least so long as the expenditure does not exceed the limits provided for within the Criminal Justice Act."