**UNITED STATES of America,**
**Appellee,**

v.

**Richard MAGNOTTI, Defendant-**
**Appellant.**

**Nos. 256, 299, 300 and 314,**
**Dockets 71–1030, 71–1095, 71–1199**
**and 71–1736.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 20, 1972.

Decided Jan. 24, 1972.

---

See also D.C., 318 F.Supp. 535, 51 F.R.D. 1.

Alfonse C. Fasano, New Haven, Conn. (Fasano & Fasano, New Haven, Conn., on the brief), for defendant-appellant.

B. Blair Crawford, Asst. U. S. Atty. (Stewart H. Jones, U. S. Atty., D. Conn.; Leslie Byelas, Asst. U. S. Atty., on the brief), for appellee.

Before SMITH, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

Defendant Richard Magnotti appeals *from two separate convictions for bank robbery,* 18 U.S.C. § 2113(a), (b) and (d), after trials in the United States District Court for the District of Connecticut, and from the denial of his motion for a new trial as to the second conviction. On all three appeals, we affirm.[1]

In the first trial, the jury found defendant guilty of robbing a bank in Orange, Connecticut on February 11, 1970. Defendant claims that the charge of the trial judge (Robert C. Zampano, J.) provided inadequate guidance both on the question of defendant's mental capacity at the time of the crime, a central issue in the case, and on the problem of evaluating the testimony of expert witnesses who were called by both parties to testify on that issue. We have reviewed the charge and find nothing that would constitute plain error, the standard we must apply since there was no objection to the charge. Defendant also argues that the evidence was insufficient to establish guilt beyond a reasonable doubt. The claim is plainly without merit.

Defendant's second and third appeals concern his conviction after a jury trial before James L. Oakes, J.,[2] for robbing a bank in Hamden, Connecticut on March 9, 1970. Appellant principally objects to the procedures followed by government agents when two eyewitnesses independently identified him from a photograph as one of the participants in the robbery. Briefly stated, the main issue presented is whether exhibiting to eyewitnesses seven "mug shots" of other persons along with a full-view photograph of the defendant is impermissibly suggestive and thus a denial of due process of law. See Sim-

---

1. Defendant also filed a notice of appeal from the denial of his motion to set a bond pending his appeal of the second conviction. Apparently, that appeal (Docket No. 1199, calendar No. 300) has been abandoned or replaced by a motion in this court for bail. In any event, in light of our decision to affirm the conviction we would also affirm the district court's denial of the motion, and we deny bail.

2. Sitting by designation as a district judge in Connecticut.

mons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). We think not. The difference between Magnotti's photograph and the other mug shots would hardly suggest to an identifying witness that Magnotti was more likely to be the culprit; nor did the photograph single out any distinguishing personal characteristics of defendant not possessed by the men in the other photographs. Compare United States v. Abbate, 451 F.2d 990 (2d Cir. 1971). We are also unpersuaded by defendant's remaining arguments that this conviction should be reversed.

The third appeal concerns the order of Judge Oakes denying defendant's motion for a new trial based on newly discovered evidence allegedly suppressed by the Government. Judge Oakes thoroughly analyzed defendant's motion under the standards enunciated by this court in United States v. Keogh, 391 F. 2d 138 (2d Cir. 1968). We see no reason to disturb his conclusions.

Judgments affirmed.