**UNITED STATES of America,
Appellee,**

v.

**John HARRISON and William Hutchinson, Defendants-Appellants.**

**No. 331, Docket 71-1752.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 7, 1971.

Decided April 25, 1972.

Maurice Brill, New York City, for appellant Harrison.

Kenneth W. Salaway, Kew Gardens, N. Y. (Kane, Salaway & Finger, Kew Gardens, N. Y., on the brief), for appellant Hutchinson.

Peter R. Schlam, Asst. U. S. Atty., Eastern District of New York (Robert A. Morse, U. S. Atty., and David G. Trager, Asst. U. S. Atty., Eastern District of New York, on the brief), for appellee.

Before ANDERSON, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

John Harrison and William Hutchinson each make a single point in their appeals from judgments of conviction against them for bank robbery, accompanied by assault with a dangerous weapon, and conspiracy, 18 U.S.C. §§ 2113(a), (d), 371, which is that the Government used impermissibly suggestive pre-arrest photographic identification techniques, see Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). After a pre-trial suppression hearing on this issue, the trial court determined that the identification procedure did not deny the defendants due process. We agree.

Joseph Dente, the bank manager, selected Harrison's picture from a group of seven photographs as that of a person similar to the robber who struck him on the head during the robbery; Elaine Fabian, a teller, selected Hutchinson's photograph from another group of seven as the one who had emptied the cash drawer. Dente later picked both Harrison and Hutchinson out of separate live line-ups of six men each and made an in-court identification of the defendants at

the trial. Fabian picked Hutchinson out of his line-up and identified him at trial.

Each appellant challenges the fact that his picture was the only one in each group shown to the witnesses that was a single, front-view photograph, while the others were all double view, *i. e.* full face and profile, "mug shots." This court, however, has recently held that such a difference in photographs is not in itself sufficient to make the identification procedure impermissibly suggestive, United States v. Magnotti, 454 F.2d 1140, 1141 (2 Cir. 1972).

██ Harrison argues, however, that he was further prejudiced by the fact that his picture was the only one in the group shown to Dente showing a clean shaven visage. While it is true that a line-up of photographs may become impermissibly suggestive when the distinguishing characteristics of the other persons shown, as compared with those of the suspect, are dramatically pronounced so that a witness who had seen the suspect only briefly on one occasion might well be influenced in making an identification by the unnecessarily striking differences which made the photo-graph of the suspect stand out prominently from the others, this is not such a case. *Cf. Magnotti, supra,* at 1141; United States v. Fernandez, 456 F.2d 638, 641 (2 Cir. 1972). Most of the photographs [1] used in this identification show faces with a very low degree of prominence in their hirsute adornments which did not obscure their facial contours or features and which would not be likely to distort or mislead in the process of identification. The fact that Hutchinson was shown as clean shaven and the others in his group were not left him in virtually the same position as Harrison, but he at no time raised the point at the trial or on appeal. This reflects how slight an impression these distinguishing facial characteristics must have made.[2]

We hold that there was no error in the ruling of the trial court which was, in effect, that the totality of the identification procedures were not "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," Simmons, supra, 390 U.S. at 384, 88 S.Ct. at 971.

Affirmed.

---

1. The failure of the Government at oral argument to provide this court with the set of photographs which were shown to Dente has caused a great deal of confusion and has demonstrated a degree of carelessness in the handling of exhibits which is inexcusable. In the future, when the issue of suggestive photographic identification procedures is raised on appeal, the Government should furnish the court at oral argument the set of photographs in question.

2. Because the photographs were not impermissibly suggestive, we need not reach the question of whether or not there was taint which would have invalidated the in-court identification in this case, see United States ex rel. Phipps v. Follette, 428 F.2d 912, 914–915 (2 Cir.), cert. denied, 400 U.S. 908, 91 S.Ct. 151, 27 L.Ed.2d 146 (1970). There is, however, substantial evidence that both witnesses had independent bases for their identifications. Dente testified that he was more sure of his identification of Harrison in person than he was from the photograph, and he picked the suspect out of a line-up, even though Harrison then had a beard and a mustache. Fabian had ample opportunity to observe Hutchinson during the robbery, as she stood next to him while he emptied the cash drawers and accompanied him to the vault.