**UNITED STATES, Appellant,**

v.

**Edward L. SHERRY, Appellee.**

**No. 7392.**

District of Columbia Court of Appeals.

Argued Nov. 13, 1973.

Decided April 12, 1974.

KERN, Associate Judge:

The government appeals from an order entered by the trial court after a pretrial hearing (a) suppressing photographic and lineup identifications and (b) excluding any in-court identification of appellee by the complaining witness. We are constrained to reverse and remand for further proceedings.

The complaining witness was robbed by three men in broad daylight on the streets of Washington. Within 15 minutes he had given descriptions of his assailants to the police and the description of one assailant matched appellee who was known to them. Within two and a half hours after the crime he viewed an array of photos in which the police had included appellee's photo. The court's main reason for suppressing the resultant identification of appellee by the witness (R. at 78–79) was that appellee's photo "completely [stood] out from the other pictures" because it was the only single view snapshot (full face) in the array, which included eleven other double view snapshots (both full face and profile). The court concluded that this infirmity necessarily tainted the complainant's line-up identification and would infect any in-court identification at the subsequent trial.

 Eyewitness identification procedures which are so suggestive as to give rise to a substantial likelihood of misidentification will be suppressed as violative of due process. Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Clemons v. United States, 133 U.S.App.D.C. 27, 33–34, 408 F.2d 1230, 1237 (1968). However, we are of opinion that the difference in format between appellee's picture and the other eleven contained in the array shown complainant shortly after the robbery is not, as a matter of law,[1] so

Regina C. McGranery, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Joseph F. McSorley, Asst. U. S. Attys., were on the brief, for appellant.

George F. Knox, Sr., Washington, D. C., appointed by the court, for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

1. Commenting on the complaining witness' testimony that he was not aware of the difference in format of the photos, the trial court remarked, "I don't believe the complaining witness' testimony . . . . I just don't see how he could not have been aware of it because they are so distinct and different." (R. at 79.) We regard this statement to be a conclu-

suggestive as to violate due process, United States v. Harrison, 460 F.2d 270, 271 (2d Cir. 1972); United States v. Magnotti, 454 F.2d 1140, 1141 (2d Cir 1972); we, therefore, reverse the trial court's order suppressing the photo identification by the complaining witness.

Here, the array, which is a part of the record before us, pictured white males of similar physical characteristics and did not emphasize any distinguishing personal features of appellee, *compare* United States v. Sanders, 156 U.S.App.D.C. 210, 214, 479 F.2d 1193, 1197 (1973); Mason v. United States, 134 U.S.App.D.C. 280, 286, 414 F. 2d 1176, 1182 (1969); and, the complaining witness during the viewing was not directed to the photo of appellee by comments or gestures on the part of the police, *compare*

United States v. Trivette, 284 F.Supp. 720, 723 (D.D.C.1968).[2]

While we recognize this array was less than ideal,[3] we conclude under these circumstances that it did not emphasize details critical to recognition of appellee and did rest upon the complaining witness' ability to make an informed choice based upon his prior observation of appellee during the robbery.[4]

■ The trial court's suppression of the lineup and in-court identifications was also error since it found them tainted only because of its erroneous conclusion that the photo identification was impermissibly suggestive. *See* Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Reversed and remanded.

sion as a matter of law by the trial judge that the array was unduly suggestive and violative of due process because of the differing formats of the photos rather than a finding of fact that this particular witness' testimony was not believable.

2. Appellee's claim that the police told the complaining witness that, "The subject that robbed you is in this packet of 12 photographs . . . ." (R. at 19) is without merit. An examination of the transcript reveals that the officer said, "Just take a look at these 12 photographs and if the subject that robbed you is in this, pick him out." (R. at 19.)

3. The officer responsible for showing the array to complainant explained that he was unable to find any reasonably current double view photo of appellee (R. at 16–17).

■

The trial court also noted that the officer had not maintained the remaining photos of the array in strict compliance with the applicable departmental regulation. However, the officer explained in detail how he had kept these photos secure after their showing (R. at 61–64).

4. The trial court commented on the complainant's failure while testifying during the hearing to recognize appellee's photo taken in 1964 which was inadvertently given him while on the stand. However, this photo was deemed so outdated by the police that they had not used it in the array (although a double view) shown the complaining witness several hours after the robbery. Under these particular circumstances we do not deem complainant's failure to express recognition of appellee in this old photo as material in determining the accuracy of the identification.