Abraham **CLIFTON**, Appellant,

v.

**UNITED STATES**, Appellee.

Wallace **SOUTHERLAND**, Appellant,

v.

**UNITED STATES**, Appellee.

Nos. 7995, 8124.

District of Columbia Court of Appeals.

Argued Jan. 21, 1975.

Decided Sept. 3, 1976.

Miller W. Marshall, Washington, D.C., appointed by this court, for Abraham Clifton.

Leslie Scherr, Washington, D.C., appointed by this court, for Wallace Southerland.

David E. Wilson, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and James F. McMullin, Asst. U. S. Attys., Washington, D.C., were on the brief for appellee. Lawrence T. Bennett, Asst. U. S. Atty., Washington, D.C., also entered an appearance for appellee.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

GALLAGHER, Associate Judge:

After a jury trial, appellants were found guilty of armed robbery.[1] Appellant Southerland received a sentence of 10 to 30 years' imprisonment. Appellant Abraham Clifton was given a sentence of 10 to 36 years.[2]

Appellant Southerland contends, principally, that (1) the trial court erred in not timely disclosing to all counsel a discussion between the complaining witness and the trial judge in chambers concerning an alleged racial slur made by one of the defense counsel and in not recusing himself after the in-chambers discussion; (2) the trial court's conduct toward defense counsel, resulting as well in erroneous rulings, denied appellant a fair trial and the effective assistance of counsel.[3]

The other appellant, Abraham Clifton, contends, in the main that (a) the trial

---

1. D.C.Code 1973, §§ 22–2901, –3202.

2. A third codefendant at the trial, Raymond Clifton, is not a party to this appeal.

3. Appellant Southerland also contends there was error in (a) not requiring a defense witness to testify notwithstanding her claim of fifth amendment privilege (b) permitting the

government on cross-examination of appellant to elicit testimony that he was residing in a half-way house in this city at the time the offense was committed, even though appellant had testified on direct examination for self-serving reasons that he was a Maryland resident and (c). in imposing an adult sentence on appellant. We have examined these contentions and find no prejudicial error.

court erred in not disclosing to counsel before the trial a visit to the trial judge in chambers to report an alleged racial slur by one of the defense counsel to another defense counsel while awaiting a hearing on a pre-trial motion; (b) the entire tenor of the proceedings, including admonition to counsel, had the effect of preventing appellant Abraham Clifton from receiving a fair trial; (c) it was error not to suppress identification testimony due to the use of impermissibly suggestive photographs, thus tainting the line-up and in-court identifications.[4]

 Any discussion with the trial judge relating to the trial should be conducted only in the presence of all counsel. Even in this instance, where at a pre-trial hearing there allegedly was a racial slur made by one defense counsel to another defense counsel in relation to the upcoming trial it would have been the better part of prudence to summon all counsel to chambers for a conference concerning the report of the complaining witness to the trial judge on what he overheard. Our review of the record on this score, however, fails to reveal taint of the trial emanating from the incident as reported to the trial judge. Nor do we agree that the trial judge erred in not recusing himself due to the incident as reported.

 Turning to the contentions of appellants that the conduct of the trial, including admonitions and statements to defense counsel, deprived them of a fair trial, we might observe initially that this was an unusually lengthy, sometimes heated, hard fought multiple defendant trial. Having said this, the fact remains it was not a textbook model for the future con-

duct of multiple defendant criminal trials. The conduct of some counsel was at times overzealous and at other times regrettable. In responding, the court did so in a manner that upon a few occasions concededly was unfortunate. In making these observations we do not mean to intimate that appellants were denied a fair trial. The fact of the matter is that at times one or more of defense counsel apologized for their conduct and volunteered their high personal respect for the trial judge.[5]

At the close of the case, moreover, the trial judge gave this instruction to the jury:

> The actions of this Court during the trial and during the motions or objections by counsel or in comments to counsel or in questions to witnesses or even in setting forth the law to you and these instructions should not be taken by you as any indication of this Court's opinion with respect to the facts of the case and that is so because I have no such opinion. Even if [you] think I have expressed or intimated my opinion with respect to the facts of this case you are mistaken in that regard, but even so you are advised that you are not bound by what you feel my opinion might be in this case. And that is so, because the verdict in this case is within your sole and exclusive duty and province as the jury in this case.

In the broad view of the record, we conclude appellants were not denied due process of law nor the effective assistance of counsel.

 As to the photographic identification, our review of the record does not

---

4. Appellant Abraham Clifton also contends that there was error in (a) granting the prosecution a "missing witness" instruction and (b) in refusing to grant an instruction on appellant's theory of the case. We have examined these arguments and find no error.

5. At the instance of defense counsel, shortly after midpoint in the trial an unusually frank

discussion took place in chambers between all counsel and the trial judge. Counsel for appellants and the trial judge unburdened themselves on the course the trial was taking. From all that appears, a meeting of the minds there developed and misunderstandings were ironed out.

reveal there was impermissible suggestivity as a matter of law. *United States v. Sherry,* D.C.App., 318 A.2d 903, 905 (1974). Moreover, it was not error in this instance for the police to again show the witness the array of photographs with recent photographs of the then suspects substituted for the substantially older photographs first displayed. An examination of the photographs discloses a marked difference in appearance between the older and current photographs; and we otherwise find no substantial merit to appellant's contention.

Accordingly, the judgments of conviction are

*Affirmed.*